Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
(631) 824-0200
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATAN BARAHONA and HECTOR HERNANDEZ,

                        Plaintiffs,        **COMPLAINT**

- *against* -        **Case No.**

PARADISE TREE SERVICE & LANDSCAPE, CORP. and WILLIAM NIETO,

                        Defendants.

Plaintiffs Jonathan Barahona, Hector Hernandez and Jose Argueta ("Plaintiffs"), by the Moser Law Firm, P.C., hereby file this complaint against Paradise Tree Service & Landscape Corp. and William Nieto ( "Defendants") and allege as follows:

### INTRODUCTION

1. This complaint is filed by Plaintiffs against Defendants to recover:

   a. Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

   b. Unpaid minimum wages under NYLL § 663 and 12 NYCRR § 142-2.1;

   c. Unpaid spread of hours pay under NYLL § 663 and 12 NYCRR § 142-2.4;

   d. Statutory damages for wage statement violations of NYLL § 195(3);

   e. Statutory damages for wage notice violations under NYLL § 195(1);

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

### *Plaintiffs*

#### *Jonathan Barahona*

5. Plaintiff Jonathan Barahona is a natural person who resides in Suffolk County, New York.

6. Jonathan Barahona was an employee of Paradise Tree Service & Landscape Corp. ("Paradise") at times during the six-year period preceding the filing of this complaint ("relevant time period").

#### *Hector Hernandez*

7. Plaintiff Hector Hernandez is a natural person who resides in Suffolk County, New York.

8. Hector Hernandez was an employee of Paradise at times during the relevant time period.

## Defendants

### *Paradise Tree Service & Landscape Corp.*

9. Defendant Paradise Tree Service & Landscape Corp. ("Paradise") is a domestic corporation formed under the laws of the State of New York.

10. Defendant Paradise's principal place of business is located at 193 Lafayette Street Copiague, NY 11726.

11. During the Relevant time period, Paradise performed tree cutting and removal services.

12. Paradise has been engaged in commerce as defined in 29 U.S.C. §§ 201 *et. seq.* during the relevant time period.

13. For each calendar year from January 1, 2018, and up to the present time Paradise's annual gross volume of sales made or business done was not less than $500,000.

14. Paradise employed the Plaintiffs.

### *William Nieto*

15. William Nieto is a natural person who resides in Suffolk County, New York.

16. Upon information and belief, William Nieto has been the President of Paradise during the six-year period preceding the filing of this complaint.

17. Upon information and belief, William Nieto has been and officer of Paradise during the six-year period preceding the filing of this complaint.

18. William Nieto had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

19. Upon information and belief, William Nieto exercised sufficient operational control over Paradise to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

20. William Nieto employed the Plaintiffs.

## FACTUAL ALLEGATIONS

*Jonathan Barahona*

21. The Plaintiff Jonathan Barahona was employed by Paradise as a driver and laborer from approximately March 15, 2017, until June 2021.

22. The Plaintiff Jonathan Barahona was paid as follows:

   a. From approximately March 15, 2017, through March 14, 2019, $150 per day;

   b. From approximately March 15, 2019, through June 2021, $200.00 per day; with the following exceptions:

      i. Following certain storms (such as Tropical Storm Isaias, which landed in New York on August 4, 2020), the Plaintiff was paid a bonus of $100 per day in addition to the foregoing wages

      ii. If the Plaintiff worked a ½ day, he would not be paid his "daily rate", and instead would only be paid ½ of his daily rate.

23. From approximately March 15 through November 29 of each year (the "busy season"), Barahona actually worked from 7AM to 7:30 PM, with a ½ hour break each day.

24. During the busy season, Barahona worked at least 60 hours each week.

25. The Plaintiff Jonathan Barahona was not paid overtime at 1 ½ times his regular rate of pay when he worked more than 40 hours per week.

26. For example, for the week ending May 9, 2020, the Plaintiff Jonathan Barahona worked at least 60 hours. He was not paid an overtime premium for hours worked in excess of 40 during this pay period. Instead, he was paid $200 per day.

27. Defendants paid Jonathan Barahona in cash.

28. Defendants never furnished the Plaintiff Jonathan Barahona with a wage statement as required by NYLL 195(3).

29. Defendants never furnished Barahona with a notice within 10 days of hiring as required by NYLL § 195(1) and 198(1-b).

*Hector Hernandez*

30. The Plaintiff Hector Hernandez was employed by Paradise as a helper and laborer from approximately July 2019 until November 2020.

31. The Plaintiff Hector Hernandez was paid $150 per day with the following exceptions:

   a. Following certain storms (such as Tropical Storm Isaias, which landed in New York on August 4, 2020), the Plaintiff was paid a bonus of $100 per day in addition to the foregoing wages

   b. If the Plaintiff worked a ½ day, he would not be paid his "daily rate", and instead would only be paid ½ of his daily rate.

32. From approximately March 15 through November 29 of each year (the "busy season"), Hernandez actually worked from 7AM to 7:30 PM, with a ½ hour break each day.

33. During the busy season, Hernandez worked at least 60 hours each week.

34. The Plaintiff Hector Hernandez was not paid overtime at 1 ½ times his regular rate of pay when he worked more than 40 hours per week.

35. For example, for the week ending May 9, 2020, the Plaintiff Hector Hernandez worked at least 60 hours. He was not paid an overtime premium for hours worked in excess of 40 during this pay period. Instead, he was paid $150 per day.

36. For the period from December 31, 2019, until November 2020, the amount that the Defendants paid Hernandez caused his effective hourly rate to fall below the applicable minimum wage.

37. More specifically, for the period from December 31, 2019, the Defendants' Paid Hernandez an average of $12.50 per hour. During this time period the applicable minimum wage was $13.00 per hour.

38. Hernandez worked a spread of hours in excess of 10.

39. Defendants never paid Hernandez spread of hours pay.

40. Defendants paid Hernandez in cash.

41. Defendants never furnished the Plaintiff Hector Hernandez with a wage statement as required by NYLL 195(3).

42. Defendants never furnished Hernandez with a notice within 10 days of hiring as required by NYLL § 195(1) and 198(1-b).

**FIRST CAUSE OF ACTION**
**Overtime Violations**
**Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 216**

43. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

44. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. At all times relevant, Plaintiffs were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46. The Defendants employed the Plaintiffs as an employer.

47. The Defendants failed to compensate the Plaintiffs at one and one half times their regular rate of pay for all hours worked in excess of 40.

48. Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

49. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiffs. Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

50. As a result of Defendants' violations of the FLSA, the Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Violations**
**NYLL Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**

51. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

52. At all times relevant, the Plaintiffs have been employees and Defendants have been the employer within the meaning of the NYLL § 651.

53. The Defendants failed to compensate the Plaintiffs at one and one half times their regular rate of pay for all hours worked in excess of 40.

54. The Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

55. Due to the Defendants' violations of the NYLL, the Plaintiffs are entitled to recover from the Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Unpaid Minimum Wages**
**New York Labor Law § 663**
**On behalf of Hector Hernandez**

56. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

57. The Defendants failed to compensate the Plaintiff at the applicable minimum rate for all hours worked.

58. The Plaintiff is entitled to minimum wages for hours worked under NYLL § 663.

59. Plaintiff is entitled to recover from the Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**Spread of Hours Pay**
**12 NYCRR § 142-2.4**
**On Behalf of Hector Hernandez**

60. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

61. The spread-of-hours-pay regulation found in 12 NYCRR § 142-2.4 applies to Defendants and protects the Plaintiff.

62. The Plaintiff worked a spread of hours in excess of ten.

63. Defendants did not pay the Plaintiff spread of hours pay when the interval between the beginning and ending of the workday exceeded ten.

64. Plaintiff is entitled to recover from the Defendants his unpaid spread of hours pay, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Wage Statement Claim**
**NYLL §§ 195(3) & 198**

65. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

66. Defendants did not issue wage statements to Plaintiffs with each payment of wages as required by NYLL § 195(3).

67. Due to the Defendants' violations of NYLL § 195(3), the Plaintiffs are entitled to recover from the Defendants statutory damages of $250 per workday up to a maximum of $5,000 each, reasonable attorneys' fees and costs of the action.

**SIXTH CAUSE OF ACTION**
**Wage Notice Claim**
**NYLL §§ 195(1) & 198**

68. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

69. The Defendants did not issue a wage notice to Plaintiffs within 10 business days of hiring as required by NYLL § 195(1) and NYLL § 198(1-b).

70. Due to the Defendants' violation of NYLL § 195(1) Hector Hernandez and Jose Argueta are each entitled to recover from the Defendants statutory damages of $50 per workday up to a maximum of $5,000 each, reasonable attorneys' fees and costs of the action.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime wages under the FLSA;

B. Unpaid overtime wages under the NYLL;

C. Unpaid minimum wages under the NYLL;

D. Unpaid spread of hours pay under the NYLL;

E. Statutory damages for violations of NYLL § 195(3);

F. Statutory damages for violations of NYLL § 195(1);

G. Liquidated damages;

H. Attorneys' fees and costs of the action;

I. Pre-judgment and post-judgment interest as provided by law; and

J. Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
September 27, 2021

Moser Law Firm, P.C.

_____
By: Steven J. Moser
5 E. Main Street
Huntington, NY 11743
631-824-0200
steven.moser@moserlawfirm.com