# MOSER LAW FIRM, PC 

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 16, 2022

**VIA ECF**

Hon. Anne Y Shields, USMJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11717

      Re:    *Barahona et. al. v. Paradise Tree Service & Landscape, Corp. et. al.*
              Case No. 21-cv-05400 (GRB)(AYS)

Dear Judge Shields:

      I represent the Plaintiffs in the above captioned FLSA matter. By this letter Plaintiffs move for a second order directing the Defendants to comply with the Court's January 27, 2022 order regarding FLSA discovery.

      On January 27, 2022, the Court issued a docket order directing *inter alia* that the Defendants produce "[t]he time sheets or other time records and payroll records in the Defendant's possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages [as well as] the policies and practices on compensating workers performing the relevant type of work" <u>on or before February 18, 2022</u>. *See* Docket Order of 1/27/2022 ("docket order") and ECF No. 9 ("scheduling order"). The Court also directed the Defendants to produce information regarding the FLSA income threshold <u>on or before February 28, 2022 (within 30 days)</u>. *Id.*

      On March 1, 2022 Plaintiff moved to compel compliance with the Court's January 27, 2022 order, as defendants had not yet produced the aforementioned records. Defendants neither opposed the motion nor appeared at the subsequent discovery conference. By order dated March 14, 2022, the Court directed the Defendants to produce documents as directed by the January 27, 2022 order on or before April 14, 2022.

      On April 14, 2022, the Defendants did not furnish any payroll or FLSA income threshold documents. Instead, they stated in an affidavit that the search is "ongoing." I asked for a supplemental declaration stating whether documents exist. Defense counsel initially agreed to furnish a supplemental affidavit. However, during a good faith meet and confer on May 12, 2022, counsel for the Defendants stated that his clients would not confirm whether documents responsive to the Court's order exist. In Defendants' opinion, a party need not indicate whether responsive documents exist, because there is always a chance that they could be found.

Hon. Anne Y. Shields, USDJ                                                                                       MOSER LAW FIRM, PC 
Re:     *Barahona et. al. v. Paradise Tree Service & Landscape, Corp. et. al.*
Page 2

       Defendants have not complied with their obligation to state whether responsive documents exist or to produce documents. "[E]ven where a party objects to a document request, it must nevertheless state whether any documents responsive to the request exist." *Mohegan Lake Motors v. Thomas Maoli & Celebrity Auto of Mohegan Lake*, No. 16CV6717 (NSR)(LMS), 2018 U.S. Dist. LEXIS 239448, at *3 (S.D.N.Y. Apr. 6, 2018). Also, document production must be completed by a date certain. *See* Fed. R. Civ. P. 34(b)(2)(B)("The production must…be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.").

       The rules do not permit a responding party to state that it is still searching for documents, hasn't found any yet, but may find some in the future. These rules should apply with equal or greater force when the production is not at the request of a party, but is instead ordered by the Court.

       Defendants have artificially extended the Court deadline, which was already extended once *sua sponte* by the Court to April 14, 2022, to produce documents, by stating that they are still searching for documents but haven't found any yet. Plaintiffs therefore moves for a second order directing the Defendants to comply with the Court's January 27, 2022 order by either furnishing documents or stating that no responsive documents exist within 5 business days.

                                                                       Respectfully submitted,

                                                                       *Steven J. Moser*
                                                                       Steven J. Moser

CC:     All counsel of record via ECF