The Law Office Of

# GLENN J. INGOGLIA

**104 Long Beach Road**
**Island Park, New York 11558**
glenn@ingoglialaw.com

Telephone: (516) 432-0500                                  Admitted to Practice Law
Facsimile: (516) 432-7333                                     in the State of New York

**May 24, 2022**

**Via ECF**
**Hon. Anne Y. Shields, USMJ**
**United States District Court, EDNY**
**100 Federal Plaza**
**Central Islip, NY 11717**

Re:     **Jonatan Barahona and Hector Hernandez v. Paradise Tree**
       **Service & Landscape, Corp. and William Nieto**
Venue:    **United States District Court, Eastern District of New York**
Civil Action No.: **2:21-cv-05400 (GRB)(AYS)**

**Dear Judge Shields:**

Regarding the above matter, I represent the Defendants, Paradise Tree Service &
Landscape, Corp. and William Nieto.  This action was commenced by the Plaintiffs
alleging violations of F.L.S.A. and the New York State Labor Law.  This letter is in
response to Plaintiff's Second Letter Motion dated May 16, 2022, and in compliance
with the Court's Order to respond to same by May 24, 2022.

I apologize to your Honor and Counsel for not appearing at the March 14, 2022
discovery conference.  I had experienced COVID symptoms 48 hours prior to the
date of the conference and they continued for approximately 24 hours thereafter,
causing me to sleep much of the time during that 72-hour period.  It was not my
intention to be absent or non-compliant with the Court's Order.

I provided an Affidavit executed by my client and dated April 14, 2022, to Plaintiff's
counsel along with a cover-letter.  I am attaching same as Exhibit "A."  My client
was unable to produce any time sheets, other time records, payroll records or copies
of the company's policies and practices on compensating workers performing the
relevant type of work.  Consequently, I provided a sworn affidavit, executed by my
client, to Plaintiff's counsel.

After Plaintiff's counsel received the Affidavit, he demanded a revised Affidavit.
Initially I agreed in order to avoid motion practice and in the hopes of resolving this

issue, by making minor revisions.   However, that hope was dashed when the Plaintiff forwarded me an Affidavit that he drafted and insisted my client sign. Attached as Exhibit "B."  This was highly irregular, and a review of the Affidavit indicates that Plaintiff's counsel has other motives besides resolving a discovery issue.  Upon reviewing the proposed Affidavit Plaintiff's counsel insisted upon, I informed him I would not be revising my client's Affidavit because the one I provided was more than satisfactory, and I would not be able to provide an Affidavit acceptable to Plaintiff's counsel.

This motion is wholly unnecessary because Plaintiff's counsel and I spoke about this very issue when we conferenced this case ourselves on May 12, 2022.  He knows full well that I am not objecting to provide discovery as he states in his Letter Motion. He also knows that my client did not state in his Affidavit that he "is still searching for documents, hasn't found any yet, but may find some in the future," as he represents to the Court.

My client stated repeatedly, in his Affidavit, "There are no documents found as a result of that search and the search is ongoing."  My client has admitted that he cannot produce any documents now because he is not aware of any in possession.  It is my understanding that all demands or orders for discovery are continuing. Therefore, I respectfully submit that stating the search is ongoing after stating nothing was found, is only proper.  Should this Court deem that verbiage not sufficient then I will by all means follow this Court's Order to the Letter.

Plaintiff's counsel stated to me on May 12, 2022, that most of his Lead Plaintiff's F.L.S.A. claims are time-barred.  Today, I forwarded to Plaintiff's counsel my clients' State and Federal Tax Returns and K-1s for the years 2018, 2019 and 2020. The gross receipts and income are far below the F.L.S.A. Income Threshold. Consequently, both Plaintiff's F.L.S.A. claims should be dismissed upon my making a motion in the near future.

Plaintiff's counsel appears to be growing more litigious as his clients' claims become time-barred or not viable due to Income Threshold.

I respectfully request this Court deny Plaintiffs' counsel's Second Letter Motion in all respects, and issue an order requiring Plaintiff's Counsel to schedule a conference with the court, at the court's discretion, prior to filing another motion in this matter, and grant Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted,

Glenn J. Ingoglia
c.c.:   Via ECF
        Plaintiffs' Counsel
        Steven J. Moser, Esq.

2

**EXHIBIT  A**

The Law Office Of
# GLENN J. INGOGLIA
104 Long Beach Road
Island Park, New York 11558
glenn@ingoglialaw.com

Telephone: (516) 432-0500
Facsimile: (516) 432-7333

Admitted to Practice Law
in the State of New York

April 14, 2022

Steven J. Moser, Esq.
Moser Law Firm, P.C.
5 E. Main Street
Huntington, New York 11743

Re:            Jonatan Barahona and Hector Hernandez v. Paradise Tree
               Service & Landscape, Corp. and William Nieto
Venue:      United States District Court, Eastern District of New York
Civil Action No.:  2:21-cv-05400 (GRB)(AYS)

Dear Mr. Moser:

Regarding the above matter, please find enclosed an Affidavit executed by my client
in compliance with the Court's order regarding payroll records, time records,
policies, etc.

Please contact me should you wish to discuss this matter.  Respectfully, I remain,

Sincerely yours,

Glenn J. Ingoglia
GJI/vv
Encls.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JONATAN BARAHONA and HECTOR HERNANDEZ,

                    Plaintiffs,

        -against-

PARADISE TREE SERVICE & LANDSCAPE, CORP.
and WILLIAM NIETO,

                    Defendants.
-------------------------------------------------------------------------X

Civil Action No.: 2:21-cv-05400 (GRB)(AYS)

**AFFIDAVIT**

STATE OF NEW YORK)
                s.s.:
COUNTY OF NASSAU)

    WILLIAM NIETO, does hereby state the following is true, under the penalties of perjury, to the best of my knowledge:

1. I am the President/Owner of PARADISE TREE SERVICE & LANDSCAPE, CORP. ("The Company" Hereinafter).

2. I have conducted a search for the following records: time sheets or other time records and payroll records in The Company's possession, custody or control that pertain to work the Plaintiffs allege they performed during the period for which the Plaintiffs claim unpaid wages. There are no documents found as a result of that search and the search is ongoing.

3. I also conducted a search of any printed documentation concerning The Company's "policies and practices on compensating workers performing the relevant type of work." There are no documents found as a result of that search and the search is ongoing.

4. Plaintiff, Jonatan Barahona, worked for The Company from approximately February 2017 through June 2021 at a rate of three or four days per week.

5. The workdays varied in length, but at all times, started at the yard at approximately 8:00 a.m. and finished at the yard from the hours of 4:00 p.m. through 6:00 p.m.

6. From February 2017 to June 2018, I paid the Plaintiff, Jonatan Barahona, the sum of $150.00 per workday.  From June 2018 through September 2019, I paid the Plaintiff the sum of $200.00 per workday.  From September 2019 to June 2021, I paid the Plaintiff, Jonatan Barahona, the sum of $300.00 per workday.

7. I paid overtime wages to the Plaintiff at a rate of $30.00 per half hour worked past 6:00 p.m. and $50.00 for every hour worked past 6:00 p.m.

8. During the Summer of 2018, the Plaintiff stopped working for me for approximately three months in order to work with a local roofing company.

9. The Plaintiff, Hector Hernandez, only worked for me for two weeks in September 2019 and three weeks in approximately June or July 2020.  He worked at a rate of three or four days per week.  The workday varied but was usually started at 8:00 a.m. and ended anywhere from 4:00 p.m. to 6:00 p.m.  I paid Hector Hernandez $200.00 per day.  I paid him overtime wages at a rate of $30.00 per half hour worked past 6:00 p.m. and $50.00 for every hour worked past 6:00 p.m.

Dated: April 14, 2022

*William Nieto*

WILLIAM NIETO

Sworn to before me this
14th day of April, 2022

_____

Notary Public

GLENN JOSEPH NGOGUA
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. #02IN6015900
COMM. EXP. 12/24/2022

**EXHIBIT   B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATAN BARAHONA and HECTOR HERNANDEZ, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) Case No. 21-cv-05400 |
| -against- | ) (GRB)(AYS) |
| | ) |
| PARADISE TREE SERVICE & LANDSCAPE, CORP. and | ) SUPPLEMENTAL |
| WILLIAM NIETO, | ) AFFIDAVIT |
| | ) |
| Defendant(s). | ) |
| | ) |

STATE OF NEW YORK          )

                                         ) ss:

COUNTY OF NASSAU          )

WILLIAM NIETO, does hereby state the following under the penalties of perjury:

1. I am the President/Owner of PARADISE TREE SERVICE & LANDSCAPE, CORP.

2. I hereby submit this supplemental affidavit of compliance with the Court's March 14, 2022 order directing the production of "time sheets or other time records and payroll records in the Defendant's possession, custody or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages", as well as "policies and practices on compensating workers performing the relevant type of work."

   *Add one of the following:*

3. During the Plaintiff's employment the Defendants kept the following documents which would be responsive to the Court's March 14, 2022, order:

   • [list documents]

4. The aforementioned documents no longer exist.

*Or*

3. No documents responsive to the Court's order exist.

Dated:

_____
WILLIAM NIETO

Sworn to Before me This
_____ Day of April 2022


_____
NOTARY PUBLIC