

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 7, 2023

**VIA ECF**

Hon. Lee G Dunst, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

      Re:   *Barahona et al v Paradise Tree Service & Landscape, Corp et al,*
               Case No. 21-cv-05400 (GRB)(AYS)

Dear Judge Dunst:

     I represent the Plaintiffs in the above referenced FLSA claim. Please accept this letter motion to compel the production of authorizations to obtain the corporate defendant's income tax returns.

     **Procedural History.** From the inception of this case, Paradise Tree Service and Landscape Corp ("the corporate defendant") has asserted that there is no federal jurisdiction because it did not meet the income threshold under the FLSA. Paradise furnished what was represented to be PDF versions of its tax returns for 2018-2020. However, the 2019 return was missing completely. The PDF documents provided were not bates stamped, were not signed, and were uncertified. Moreover, the 2018 and 2020 PDF files appear to be corrupted and are missing information. Annexed hereto as Exhibit 1 is the printed version of the first page of the corporate defendant's 2020 form 1120S.

     We requested corporate income tax returns on numerous occasions. More specifically, on November 14, 2022 I sent an email to Defendants' counsel stating:

> Although we received the returns, they are not bates stamped and a lot of the information is missing. When I try to open the documents or print them it appears the files are corrupted. To the extent you intend on relying on tax returns, please provide bates-stamped copies signed by your client.

     On January 23, 2023, as the Defendant had not yet responded, we again requested by email that the Defendants "advise as to the status of the requested tax returns." On February 6, 2023, the day before the Defendants' deposition, I again requested: "As the tax returns were not provided can you please bring them in paper form tomorrow?" The defendants did not bring them to the deposition.



MOSER LAW FIRM, PC

Page 2

On June 23, 2023, as the Defendants had not responded to prior requests, I emailed opposing counsel as follows:

> In preparing for the upcoming close of discovery, I note that the certified copies of tax returns requested in November 2022 have not yet been provided. I enclose an authorization for same. We ask that Mr. Nieto verify the information in the forms, execute and return to us, along with a copy of an official ID for verification of his signature as required by NYS.[1]

On June 27, 2023 I emailed another reminder to opposing counsel, who responded that he would look at the authorizations on June 28, 2023. On July 6, 2023, as we had not heard back from Defendants' counsel, we again asked that he "advise as to the status of the authorizations."

As of today, July 7, 2023, Defendants have neither provided complete and certified copies of tax returns, nor have they furnished authorizations to obtain same. The close of discovery is July 10, 2023. I called Defendants' counsel on his work and cell phone numbers at 1:15 PM and again at 4:30 PM and received an automated message. I left messages which have not been returned.

**Argument.** Plaintiffs are entitled to "enterprise" FLSA coverage if they can establish that Paradise was an "enterprise engaged in interstate commerce." 29 U.S.C. § 207. The FLSA defines "enterprise engaged in interstate commerce" to include businesses that: (1) "ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) have an "annual gross volume of sales made or business done" of at least $500,000." 29 U.S.C. § 203(s)(1)(A).

Here the tax returns are relevant to whether Paradise is an enterprise engaged in commerce under the FLSA. Even if the tax returns were complete (which they are not), "[t]he absence of a signature on the tax returns, combined with the absence of an affidavit from the tax preparer or from the owner of the business verifying the authenticity of the returns caution against presuming their authenticity." *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 348 (E.D.N.Y. 2014).

**Conclusion.** Plaintiffs respectfully request that the Defendants be ordered to complete the authorizations annexed hereto as Exhibit 2, and to furnish a copy of a government issued ID for William Nieto so that we may obtain certified copies of the tax returns directly from the Internal Revenue Service and the New York State Department of Taxation and Finance.

                                                 Respectfully Submitted,

                                                 *Steven J. Moser*
                                                 Steven J. Moser

CC:    All counsel of record via ECF

---

[1] The authorizations are annexed hereto as Exhibit 2.