# MOSER LAW FIRM, PC 

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

September 15, 2023

**VIA ECF**

Hon. Lee G. Dunst, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

      Re:    *Barahona et. al. v. Paradise Tree Service & Landscape, Corp. et. al.*
              Case No. 21-cv-05400 (GRB)(AYS)

Dear Judge Dunst:

      I represent the Plaintiffs in the above captioned FLSA matter. By this letter Plaintiffs move for an order finding that the Defendant Paradise Tree Service & Landscape Corp. is an "enterprise engaged in commerce" under the FLSA for failure to comply with the Court's discovery orders dated January 27, 2022 and July 17, 2023.

      On January 27, 2022, Magistrate Shields issued a docket order stating in part: "Defendants' counsel shall produce to Plaintiff, within thirty (30) days, tax returns and other information relevant to the issues discussed at the conference with respect to the threshold amount necessary for federal jurisdiction."  *See* Docket Order of 1/27/2022 ("docket order").

      As of July 7, 2023, Defendants had not, despite the January 27, 2022 order and repeated requests by plaintiffs' counsel, provided complete and certified copies of tax returns or authorizations to obtain same.  Plaintiffs therefore filed a motion to compel.  *See* ECF No. 30.

      On July 10, 2023, the Court directed as follows: "Defendants shall respond to the motion to compel the production of tax authorizations (DE 30) by 7/14/2023. No extensions of that deadline will be granted and a failure to respond may result in the undersigned ruling on the current record."  On Friday, July 14, 2023, at 6:55 pm, Defendants' counsel emailed me an authorization to obtain the federal return, *but not the state return*.  The Defendants did not file any opposition to the motion or inform the Court they had emailed the federal authorization.  Accordingly, on Monday, July 17, 2023 the Court issued an order stating, in part:

> It is ORDERED that Defendants shall complete the authorizations at DE 30-2 and to furnish to Plaintiffs a copy of a government issued ID for William Nieto so that Plaintiff may obtain certified copies of the tax returns directly from the Internal Revenue Service and the New York State Department of Taxation and Finance.

Hon. Lee G. Dunst, USMJ                                                         MOSER LAW FIRM, PC
Re:     *Barahona et. al. v. Paradise Tree Service & Landscape, Corp. et. al.*
Page 2

   Defendants shall comply with this Order by 7/28/2023, and this deadline will not be extended absent good cause.

  On August 10, 2023 we reminded counsel for the Defendants that they had not yet furnished the state authorization as required by Your Honor's July 17, 2023 order. A copy of the email is annexed hereto as Exhibit 1. Defendants did not respond.

  FRCP 37(b)(2)(A)(i) recognizes a Court's inherent authority to enforce discovery orders issued by the court, and specifically authorizes the following:

> If a party. . .fails to obey an order to provide or permit discovery, . . .the court where the action is pending may issue further just orders [, including] directing that the matters embraced in the order or other *designated facts be taken as established for purposes of the action*, as the prevailing party claims[.][1]

  Among the reasons why Plaintiffs moved to compel the production of both State and Federal authorizations is that we have had significant difficulty in the past obtaining the returns from the IRS, while we have had relative success in obtaining the returns from the NYS Tax Department. In fact, we have not yet received a response from the IRS. This, of course, is eclipsed by the fact that the Court *specifically ordered* the defendants to furnish a state authorization. They did not, and ignored Plaintiffs' reminder of their failure to comply with the Court's July 17, 2023 order. Moreover, authorizations or certified copies of returns *should have been produced more than 18 months ago* pursuant to Judge Shields' original discovery order dated January 27, 2022.

  This case has been pending for two years. Permitting defendants to wait until the eve of trial, after the discovery deadline has closed, and in disregard of two orders to produce admissible evidence of its assertion that it does not meet the FLSA income threshold is prejudicial and amounts to a waste of time and resources.

  Therefore, Plaintiffs respectfully request an order finding that, for the purposes of this action, Paradise Tree Service & Landscape Corp. is an "enterprise engaged in commerce" and more specifically that it "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]"[2]

                   Respectfully submitted,

                    *Steven J. Moser*

                    Steven J. Moser

CC: All Counsel of Record, Via ECF

---

[1] Emphasis supplied; *see Cadle Co. v. Stasch (In re Stasch)*, 21 Fla. L. Weekly Fed. B 35 (U.S. Bankr. S.D. Fla. 2007)(finding as an "established fact" that a party had concealed financial transactions totaling $115,000.00 where the party failed to comply with a discovery order).

[2] 29 U.S.C. 203(s)(1)(A). An order precluding the Defendant from submitting the tax returns at trial is not an appropriate remedy as the Plaintiffs have the burden of proof with regard to enterprise coverage and the income threshold. *Ho v. Target Constr. of NY, Corp.,* No. 08-CV-4750(KAM)(RER), 2011 U.S. Dist. LEXIS 33365, at *1 (E.D.N.Y. Mar. 28, 2011).