The Law Office Of
# GLENN J. INGOGLIA
104 Long Beach Road
Island Park, New York 11558
glenn@ingoglialaw.com

Telephone: (516) 432-0500                                                                               Admitted to Practice Law
Facsimile: (516) 432-7333                                                                                 in the State of New York

September 20, 2023

Via ECF
Hon. Lee G. Dunst, USMJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11717

|  |  |
|---|---|
| Re: | Jonatan Barahona and Hector Hernandez v. Paradise Tree Service & Landscape, Corp. and William Nieto |
| Venue: | United States District Court, Eastern District of New York |
| Civil Action No.: | 2:21-cv-05400 (GRB)(AYS) |

Dear Judge Dunst:

Regarding the above matter, I represent the Defendants, Paradise Tree Service & Landscape, Corp. and William Nieto. I am hereby opposing Plaintiff's Letter Motion dated September 15, 2023. In addition, I am cross-moving for the Court to compel Plaintiff to provide I.R.S. authorizations and government issued picture Identification, so I may obtain a certified copies of Plaintiffs' Federal and State Tax Returns. In addition, I am seeking the court's intervention to compel Plaintiff to provide an original and copy of my client's examination before trial transcript. I am consenting to provide Plaintiff with authorizations to obtain my client's business tax returns. My client has executed the authorizations and I will forward them to Plaintiff's counsel by this Friday, September 22, 2023, with the Court's permission. I am also seeking an order directing Plaintiffs to execute their deposition transcripts and return them to Defendants' counsel as well as sanctioning Plaintiffs and their counsel for engaging in frivolous conduct by asserting and litigating time-barred claims as well as claims that were not allowed due to the defendants not meeting the business threshold as per F.L.S.A.

Plaintiff's counsel seeks to have this Court find that my client's business is an enterprise grossing over $500,000.00 per year and therefore subject to F.L.S.A. regulation. Unlike what Plaintiffs' counsel states, my office provided Plaintiff's counsel with my client's 2018, 2019 and 2020 Federal and State Tax Returns on May 24, 2022 (See copy of May 24, 2023 Letter attached hereto) and also provided these tax returns collectively on May 4, 2022, May 22, 2022 and February 6, 2023. Each year's tax returns listed my clients' as earning approximately $150,000.00 or less; far below the threshold to maintain a F.L.S.A. claim against my clients. However, Plaintiffs' attorney despite several requests in writing and in person has refused to withdraw their F.L.S.A. claims.

**Plaintiff, Barahona's F.L.S.A. claims are time-barred according to the statute and some of Plaintiff, Hernandez's, claims are also time-barred. In the body, of my May 24, 2022 Letter, I requested Plaintiff to withdraw those claims which are obviously time-barred. He refused. In consequence, Plaintiff is pursuing claims for almost 2 years now in which he knows are time-barred under F.L.S.A. and were requested to be withdrawn sixteen (16) months ago. Consequently, Plaintiffs' counsel should be ordered to pay Defendants and their counsel the sum of $10,000.00 for commencing and continuing with frivolous claims.**

**I complied with Judge Shields Scheduling Order which states, in pertinent part, "In addition, Defendants' counsel shall produce to Plaintiff, within thirty (30) days, tax returns and other information relevant to the issues discussed at the conference with respect to the threshold amount necessary for federal jurisdiction." I was never ordered to provide authorizations for my clients' tax records until the July 2023 Order of this Court.**

**On July 14, 2023, I provided Plaintiff's counsel with authorizations to obtain my client's Federal Tax Returns for the years 2017, 2018, 2019, 2020 and 2021. Also, in the body of a cover letter sent with those authorizations, I requested that the Plaintiff provide authorizations for his clients' Federal Tax Returns for the same periods I provided and to also provide me with an original and copy of my client's deposition transcript. (See copy of July 14, 2023 Letter attached hereto).**

**Plaintiffs' counsel responded to my July 14, 2023 Letter by emailing me on July 17, 2023. In the body of his email, he denied my requests for tax returns by citing <u>Rosas v. Alice's Tea Cup, LLC</u>, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015). This case is not on point with the present action. In <u>Rosas</u>, the Defendant's request for the Plaintiff's tax returns was denied because Defendant mistakenly argued that "a worker who violates the IRCA is barred from recovery" under F.L.S.A. I am arguing that the Plaintiffs' tax returns are relevant to because the Plaintiffs' claims under F.L.S.A. are seeking relief for work allegedly performed and not paid for. Production of Plaintiffs' tax records goes right to the heart of the matter and a review of same could possibly eradicate Plaintiffs' claims all together if they claimed the money on their tax returns that they allegedly claim they did not receive from my client. (See copy of Plaintiffs' attorneys' July 17, 2023 email attached hereto).**

**Plaintiffs' counsel, in his July 17, 2023 email, also refused to provide me with an original and copy of my client's deposition transcript. After the depositions were completed, I provided an original and copy of each plaintiffs' deposition transcript, in order for them to review and send back to me. To date, they have not executed the transcripts and nor have they sent them back.**

**I respectfully request that the Plaintiffs' motion be denied in all aspects except, I respectfully request the court allow me to provide the NYS authorizations for my clients' tax returns, to plaintiff by Friday, September 22, 2023. I respectfully request the Plaintiffs be ordered to provide authorizations for their 2017, 2018, 2019, 2020 and 2021 Federal and State Tax Returns. I respectfully request, the Plaintiffs be ordered to provide me with an original and copy of my client's deposition transcript, so Defendant may review it, make changes and send back to Plaintiffs. Also, I respectfully request that Plaintiffs and their counsel be sanctioned and ordered to pay Defendant and his counsel, the sum of $10,000.00, for engaging in frivolous conduct by**

**asserting and then not withdrawing time-barred claims, as well as claims that did not meet the F.L.S.A. threshold. Thank you.**

**Respectfully submitted,**

*Glenn J. Ingoglia*

**Glenn J. Ingoglia**

**c.c.:** <u>**Via ECF**</u>
**Plaintiffs' Counsel**
**Steven J. Moser, Esq.**