

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

September 21, 2023

**VIA ECF**

Hon. Lee G Dunst, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

    Re:    *Barahona et al v Paradise Tree Service & Landscape, Corp et al,*
             Case No. 21-cv-05400 (GRB)(AYS)

Dear Judge Dunst:

    I represent the Plaintiffs in the above referenced FLSA claim. Please accept this letter in opposition to the Defendant's cross-motion which seeks an order compelling plaintiffs to (1) provide authorizations for their tax returns, (2) execute their deposition transcripts and furnish same to Defendants' counsel, (3) furnish to Defendant's counsel a copy of his client's deposition transcript, and which (4) also seeks sanctions for "frivolous" conduct.

    Defendants' motion should be denied because (1) defendants have not complied with local rule 37, FRCP 11, or the Court's Individual Rules, (2) defendants have not complied with the Court's May 24, 2023 scheduling order, (3) plaintiffs' tax returns are not discoverable in an action under the FLSA, and (4) there is no legal basis for the relief sought.

    **Defendants have not complied with the local rules or the Court's individual rules.** Local Rule 37.3(a) requires that, "[p]rior to seeking judicial resolution of a discovery *or nondispositive pretrial dispute,* the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)." (emphasis supplied). Part IV(C)(1) of the Court's Individual Rules requires that,

> prior to bringing any discovery dispute before the Court, the parties must first meet and confer amongst themselves. See Fed. R. Civ. P. 37(a)(1). To properly meet and confer to resolve a disagreement about discovery, the opposing party should be made aware of the issue, and the parties must *actually speak and communicate substantively by telephone, video conference, or in person* to satisfy the meet and confer obligation.

(emphasis supplied). On Monday September 18, 2023 the defendants, without complying with the foregoing, advised the Court that they intended to "cross-move for outstanding discovery and sanctions." ECF No. 32. I emailed defendants' counsel the same day in an attempt to resolve any



Page 2

outstanding issues in good faith and invited defense counsel to call me to discuss his anticipated motion. Defendants did not respond to the invitation and made no attempt to comply with Local Rule 37.3 or part IV(C)(1) of the Court's Individual Rules before filing their subsequent discovery motion.

**Defendants have not complied with FRCP 11, which governs motions for sanctions for frivolous conduct.** Defendants seek sanctions of $10,000.00 for Plaintiffs' refusal to withdraw their FLSA claims, describing Plaintiffs' counsel's actions as "frivolous." This is not a motion for costs or discovery sanctions pursuant to FRCP 37, but is instead governed by Rule 11, which states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

FRCP 11(c)(2). Here, the Defendants have not made their motion for sanctions separately and did not serve their motion before filing same with the Court. Even if they had, the motion for sanctions is devoid of facts or legal basis to support the sanctions they seek.

**Defendants have not complied with the Court's May 24, 2023 scheduling order.** On May 24, 2023 the Court directed that (1) [f]act and expert discovery shall be completed by 7/10/2023", and [d]ispositive motion practice consistent with District Judge Gary R. Brown's rules shall commence by 8/7/2023." These dates have not been extended. Defendant's written request for authorizations for Plaintiff's tax returns was made on July 17, 2023, after the close of discovery.

Moreover, the Defendants now seek to enforce their "statute of limitations" defense. To be clear, this action was commenced within 2 years after the last FLSA violation and therefore there is no complete defense to the FLSA claims. Moreover, even if there were a valid statute of limitations defense (which there is not) the appropriate way to raise the issue is via a motion for summary judgment. *See Szymanski v. Local 3, IBEW*, 577 F. App'x 52, 53 (2d Cir. 2014). Here the defendants did not file any motion for summary judgment addressed to District Judge Brown on or before August 7, 2023 as required by the Court, and now attempt to make such a motion by letter dated September 20, 2023.

**Defendants have not shown that the plaintiffs' tax returns are relevant or that there is a compelling need for the production thereof.** "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not otherwise readily obtainable.'" *Demirovic v. Ortega*, 254 F. Supp. 3d 386, 389 (E.D.N.Y. 2017). Here, the defendant makes no effort to establish either factor. Moreover, numerous courts within the Second Circuit have found that a plaintiff's tax returns are irrelevant to FLSA and NYLL claims. *Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010) ("plaintiffs' income tax returns are not relevant to their FLSA claims"); *Marquez v. Erenler, Inc.*, 2013 U.S. Dist. LEXIS 138630, 2013 WL 5348457, at *1 (S.D.N.Y.)(seeking the production of



MOSER LAW FIRM, PC

Page 3

"tax information from plaintiffs would serve no obvious purpose other than intimidation."); *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015)("The plaintiffs' tax returns would only include total income and not details that would be relevant in an FLSA and NYLL suit, such as weekly wages and specific hours worked. . . The plaintiffs' income tax returns need not be disclosed."); *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120 JG RER, 2012 U.S. Dist. LEXIS 175452, 2012 WL 6138481, at *3 (E.D.N.Y. Dec. 11, 2012)("the discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records.").

**Defendant William Nieto did not make a timely request to make corrections to his deposition transcript.**  Corrections to a transcript are only permitted if the party requests the right to review and make changes "before the deposition is completed." FRCP 30(e)(1); see notes to 1993 amendments ("review by the deponent is required only if requested before the deposition is completed").  No such request was made.

**Defendants cannot compel the stenographer to provide a "free copy" of the transcript.**  FRCP 30(f)(3) states as follows:

> Copies of the Transcript or Recording. Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. *When paid reasonable charges,* the officer must furnish a copy of the transcript or recording to any party or the deponent.

(emphasis supplied).  Our email advised counsel that "With regard to the request for the deposition transcript, please note that it is available directly from Lexitas. Providing a copy without cost is in violation of our agreement with Lexitas [the court reporter], who is entitled to fees for furnishing same to you under the federal rules."  Nevertheless, the Defendant ignores this and now makes a motion to circumvent FRCP 30.  It is important to note that Lexitas has not been served with the motion, and therefore the defendant is essentially requesting that the court reporter's right to fees be adjudicated without notice or any regard for due process.

**The Pretrial Order.**  Plaintiffs also furnished a proposed joint pretrial order to the Defendants on September 15, 2023 and have repeatedly reminded defendants that the deadline to submit same was September 18, 2023. Defendants have not responded to Plaintiffs' requests to submit their proposed revisions.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC: All counsel of record via ECF