

# MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

November 9, 2023

**VIA ECF**

Hon. Lee G Dunst, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

      Re:    *Barahona et al v Paradise Tree Service & Landscape, Corp et al,*
                Case No. 21-cv-05400 (GRB)(AYS)

Dear Judge Dunst:

      I represent the Plaintiffs in the above referenced FLSA claim. Plaintiffs respectfully move for a default against the Defendants as a result of their failure to comply with the Court's order dated September 26, 2023. of a proposed PTO. In the alternative, we request that the Court direct that, for the purposes of this action, the Defendants be deemed an enterprise covered by the FLSA, and that the parties be granted a final extension of the date to file a joint PTO.

      **Background.** Following Plaintiff's motion for sanctions to for failure to comply with previous court-orders dated September 15, 2023 (ECF No. 31), the Court issued an order on September 26, 2023 (ECF No. 35) as follows:

> Defendant shall provide **certified copies of the tax returns** and authorizations . . . to Plaintiff by **9/26/2023**. . . The parties shall submit a joint pretrial order, consistent with the individual practice rules of District Judge Gary R. Brown by **11/7/2023**. This deadline will not be extended absent a timely request and a showing of good cause supported by a sworn attorney declaration.[1]

      As of the date of this letter, the Defendants have not provided certified copies of the tax returns and have not meaningfully cooperated with Plaintiffs in the preparation of a pretrial order.

      **The Defendants have not meaningfully cooperated in the preparation of a Joint PTO as directed by the Court.** On **September 15, 2023**, Plaintiffs emailed to the Defendants a proposed draft pretrial order ("PTO") as required by Judge Brown's rules. No response was received. On September 19, 2023 I again contacted Defendant's counsel by email to obtain Defendants' contributions to the PTO. No response was received. On **October 26, 2023** we resent the proposed PTO to Defendants requesting that they provide their redlines so that it could be

---

[1] Emphasis supplied.

timely filed. Defendants' counsel indicated that he would furnish Defendants' proposed changes to the PTO no later than **October 27, 2023**.

On **November 6, 2023** we had still not received Defendants' proposed revisions to the PTO, and asked that the Defendant's furnish same so that a joint PTO could be timely filed. Defendants' counsel again indicated that he would furnish Defendants' proposed changes to the PTO no later than close of business on **November 6, 2023.**

On the morning of **November 7, 2023,** the deadline to submit the Joint PTO, I called Defendants' counsel as we had not yet received Defendants' proposed revisions. Defendants produced their "redlines" at 11:00 AM that same day. However, the Defendants' proposed PTO listed numerous trial exhibits and fact/expert witnesses had never been previously identified. Despite these obstacles, we furnished a revised proposed Joint PTO to Defendants at 2:15 PM. However, no response has been received, and Defendants have not consented to the Plaintiffs' proposed revisions.

**Defendants have failed to furnish certified copies of payroll tax returns.** On **October 26, 2023** in response to Defendants' production of tax authorizations, I reminded Defendants' counsel that the Court had directed defendants to furnish certified copies of the tax returns. On **October 28, 2023,** he responded that he did not have certified copies. I responded as follows:

> We will process the authorizations. However, at this point we will likely not have a response by the deadline for submission of a pretrial order. To the extent that you want to use the tax returns at the time of trial please produce certified copies as directed by the Court prior to the deadline for submission of the PTO.

Defendants did not respond to this email. Then on November 7, 2023, the Defendants' listed both the corporate tax returns of Paradise Tree Service and the individual tax returns of William Nieto as proposed trial exhibits. Certified copies of these proposed trial exhibits were not furnished with the PTO, and had never been produced previously. Although we have processed the authorizations for the corporate tax returns, we have not yet received the federal tax returns. The *state* income tax returns which we received are of limited value and the NYS department of taxation and finance has been *unable to locate any payroll tax returns for the corporate defendant.*

**Law.** Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court has the discretion to take the appropriate action that would correct the failure in light of the considerations of justice. Rule 37(b)(2) authorizes a variety of responses that may be appropriate in the face of a party's failure to comply, including rendering a default judgment against the disobedient party and directing that designated facts be taken as established for purposes of the action. As emphasized by the Second Circuit, "[i]mposing sanctions pursuant to Rule 37 is within the discretion of the district court and a decision to dismiss an action [or enter a default] for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion." *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 262 (S.D.N.Y. 2015) (quoting *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155 at 159 (2d Cir. 2012)).

MOSER LAW FIRM, PC

Page 3

**Conclusion.** Without the cooperation and contribution of all parties it is all but impossible to finalize a Joint PTO. Plaintiffs respectfully request that the Defendants be held in default for failing to comply with the Court's order dated September 26, 2023, as the Defendants have not furnished certified copies of tax returns and have not meaningfully cooperated in the preparation of a proposed PTO. In the alternative, we request that the Court direct that, for the purposes of trial, the Defendants be deemed to have annual gross volume of sales made or business done of at least $500,000.00,[2] and that the parties be granted a final extension of the date to file a joint PTO.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC:    All counsel of record via ECF

---

[2] Defendants have had years to substantiate the claim that they did not meet the income threshold under the FLSA, and have consistently failed to furnish credible evidence in support thereof.