UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JONATHAN BARAHONA and HECTOR HERNANDEZ,

                    Plaintiffs,

-against-

PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO,

                    Defendants.

Case No.: 21-cv-05400(GRB)(LGD)

PRE-TRIAL ORDER

---

*Glenn J. Ingoglia*

**Glenn J. Ingoglia, Esq.**
**THE LAW OFFICE OF**
**GLENN J. INGOGLIA**
**Counsel for Defendants**
**PARADISE TREE SERVICE & LANDSCAPE**
**CORP. and WILLIAM NIETO**
**104 Long Beach Road**
**Island Park, NY 11558**
**(516) 432-0500 Office Telephone**
**(516) 432-7333 Facsimile**
**(516) 298-6279 Mobile Telephone**
**glenn@ingoglialaw.com**

1. The basis for matter jurisdiction:

   **Defendants' Position:**
   **Defendants do not dispute the Court's authority regarding subject matter jurisdiction particularly as it pertains to FLSA Claims. However, Defendants' position is that they are not subject to FLSA Claims because they do not meet the income threshold and are a construction business and the some if not all the FLSA claims in this action are time-barred. The Defendants also claim that all State Law claims should be transferred to the State Court.**

2. <u>**The Claims and Defenses that remain to be Tried**</u>:

**Defendants' Position:**
a. Whether Defendants meet the annual income threshold requirements pursuant to the FLSA? Defendants' position is this issue only needs to be tried if not determined in Defendants' favor prior to Trial.
b. Whether Plaintiffs' claims are time-barred pursuant to FLSA? Defendants' position is this issue only needs to be tried if not determined in Defendants' favor prior to Trial.
c. Whether Defendants are subject to FLSA due to the fact the Defendants are a construction business?
d. Whether Plaintiffs were employees hired by the Defendants as defined by FLSA?
e. Whether Plaintiffs were paid overtime wages as defined by FLSA and NYLL?
f. Whether Defendants failed to issue Wage Statements/Notices as per FLSA and NYLL?
g. If Defendants are deemed liable then the amount of damages to be awarded to the Plaintiffs?

**Defendants' Defenses:**
 i. Defendant, Paradise Tree Service & Landscape Corp., pursuant to FLSA is involved in the Construction Industry and is not subject to FLSA's recordkeeping, wage, overtime wage and other requirements, because at no time during the relevant periods did Defendant have two or more employees and have an annual gross sales volume of $500,000.00 or more or perform duties closely related and directly essential to interstate activities.

 ii. Defendant, William Nieto, is a natural person and shareholder, manager, officer of Defendant, Paradise Tree Service & Landscape Corp., and not a business or employer and therefore not subject to FLSA's requirements.

 iii. The Plaintiffs may not "pierce the corporate veil" protecting the Defendant, William Nieto, as he is a natural person, shareholder, director and officer of the Corporate Defendant, Paradise Tree Service & Landscape Corp., and not subject to any personal liability allegedly caused by the Corporate Defendant, pursuant to State and/or Federal Laws.

 iv. The Complaint fails to state a claim against Defendants upon which relief can be granted, in that, Plaintiff fails to allege in his Complaint with specificity which provisions the Defendants violated of the following statutes: Fair Labor Standards Act of 1938 (FLSA) as amended, 29 U.S.C. § 207; New York Labor Law (NYLL), Article 19, §§ 650 et seq.; New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2; NYLL § 663 and 12 NYCRR § 142-2.1 (Unpaid Minimum Wages); NYLL § 663 and 12 NYCRR § 142-2.4 (Unpaid spread of hours pay); NYLL § 195(3) (Statutory damages for wage statement violations); and NYLL § 195(1) (Statutory damages for wage notice violations).

 v. The Plaintiffs' claims are barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

    vi. **The Plaintiffs' claims are barred, in whole or in part, by the principles of waiver and/or estoppel.**

    vii. **The Plaintiff's claims are barred to the extent that Plaintiffs failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.**

    viii. **The Defendants did not engage in commerce or in the production of goods for commerce or employ Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce, and therefore, not liable to the Plaintiff for any damages alleged pursuant to 29 U.S.C. §§ 201, 207, 216.**

    ix. **A defense is founded upon documentary evidence in possession of the Plaintiffs.**

    x. **The Court lacks subject matter and/or personal jurisdiction over the Defendants, because the Defendants are not subject to FLSA requirements as defined by FLSA and therefore, Plaintiffs' claims should be transferred to the State Court.**

    xi. **Defendants have paid Plaintiffs all statutory minimum and overtime wages and complied with all notice requirements pursuant to statutes regulating the Defendants.**

    xii. **Plaintiffs fail to meet the burden of proof required pursuant to FLSA and/or NY Labor Law Statutes.**

    xiii. **Defendants do not meet the annual income threshold to be held liable pursuant to FLSA.**

    xiv. **Plaintiffs' FLSA claims are time-barred and not recoverable.**

3. **Whether this Case is to be tried With or Without a Jury and the number of trial days needed:**

   **Defendants' Position:**
   **The Case is to be tried WITHOUT a jury. The anticipated number of trial days needed is four (4) days.**

4. **Parties' intention to utilize electronic presentation, evidence or exhibits:**

   **Defendants' Position:**
   **Defendants intend on utilizing electronic presentations, evidence or exhibits.**

5. **Any stipulations or statement of facts that have been agreed to by all parties:**

    **Defendants' position:**
    a. **Plaintiffs were paid in cash.**
    b. **Defendants have not produced payroll records and wage statements.**
    c. **Plaintiffs' claims are for not being paid overtime wages and not being provided wage statements/notices.**

6. <u>**All fact and expert witnesses whose testimony is to be offered in its case in chief. Indicate whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify, except for good cause shown**</u>.

   <u>**Defendants' Position:**</u>
   a. **William Nieto (In Person)**
   b. **Jonathan Barahona (In Person and Deposition)**
   c. **Hector Hernandez (In Person and Deposition)**
   d. **Joseph S. Massaro, Jr. (Deposition)**
   e. **Accounting Expert to testify as to Defendants' Income (In Person)**

7. <u>**The deposition testimony to be offered in evidence including, where possible, anticipated impeachment and rebuttal exhibits, and objections thereto. Questions of authenticity, best evidence, chain of custody, and related grounds should be resolved between the parties before trial. Only the exhibits listed will be received in evidence except for good cause shown**</u>.

   <u>**Defendants' Position:**</u>
   **Deposition Testimonies for Plaintiffs, Jonathan Barahona and Hector Hernandez**

8. <u>**The exhibits to be offered in evidence including, where possible, anticipated impeachment and rebuttal exhibits, and objections thereto. Questions of authenticity, best evidence, chain of custody, and related grounds should be resolved between the parties before trial. Only the exhibits listed will be received in evidence except for good cause shown**</u>.

   <u>**To be Offered by Defendants**</u>
   a. **EBT Transcript and Video Recording of Deposition of Hector Hernandez**
   b. **EBT Transcript and Video Recording of Deposition of Jonathan Barahona**
   c. **Federal and State Tax Returns for Defendant, Paradise Tree Service and Landscape Corp. for tax years 2017 through 2021**
   d. **All documents of a public record, filed in the case <u>Maldonado et al. v. Joe's Complete Tree Service et ano.</u>, U.S. District Court, Eastern District, 2:16-cv-03848-AKT**
   e. **Check cashed by Defendant, Jonathan Barahona, in the amount of $6,500.00 and previously disclosed**
   f. **All exhibits marked for identification at the oral depositions of Hector Hernandez, Jonathan Barahona and William Nieto**
   g. **All Affidavits, verifications, pleadings and written submissions by Plaintiffs in this action**

 h. All damage computations submitted by Plaintiff to the Court or Defendants. Defendants anticipate these will be offered in rebuttal
 i. Certified Copies of the Plaintiffs' criminal records which this Court deems relevant or admissible for other reasons
 j. Photographs of the Plaintiffs taken by William Nieto at job sites or obtained by online searches, social media, internet
 k. Defendants request the Court respectfully consider all other evidentiary submissions offered by the Defendants at the time of trial

Dated: December \_\_, 2023

              SO ORDERED:

              **Magistrate Judge Lee G. Dunst**