**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JONATHAN BARAHONA and HECTOR HERNANDEZ,

                Plaintiffs,

    v.

PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO,

                Defendants.

Case No. 21-cv-05400 (GRB)(LGD)

**JOINT PRE-TRIAL ORDER**

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

1. **Trial Counsel**

    *For Plaintiffs JONATHAN BARAHONA and HECTOR HERNANDEZ*

    Steven J Moser
    Moser Law Firm PC
    5 E Main Street
    Huntington, NY  11743
    Office: 516-671-1150
    Cell: 516-671-2776
    steven.moser@moserlawfirm.com

    *For Defendants PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO*

    Glenn J. Ingoglia, Esq.
    THE LAW OFFICE OF GLENN J. INGOGLIA
    104 Long Beach Road Island Park, NY 11558
    (516) 432-0500 Office Tele
    (516) 432-7333 Facsimile
    (516) 298-6279 Mobile Telephone
    glenn@ingoglialaw.com

2. **The basis for subject matter jurisdiction;**

    a. Plaintiff's Position

    This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such

1

claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Defendants assert that the plaintiffs have not met the income threshold under the FLSA.

    b. Defendants' Position

Defendants do not dispute the Court's authority regarding subject matter jurisdiction particularly as it pertains to FLSA Claims. However, Defendants' position is that they are not subject to FLSA Claims because they do not meet the income threshold and are a construction business and the some if not all the FLSA claims in this action are time-barred. The Defendants also claim that all State Law claims should be transferred to the State Court.

**3. The claims and defenses that remain to be tried;**

    a. Plaintiffs' Position as to Claims Remaining to be Tried

        i. FLSA Overtime

        ii. NYLL Overtime

        iii. Failure to Issue Wage Statements (NYLL 195(3)).

        iv. Failure to Issue Hiring Notices (NYLL 195(1)).

    b. Defendants' Position :

        i. Whether Defendants meet the annual income threshold requirements pursuant to the FLSA? Defendants' position is this issue only needs to be tried if not determined in Defendants' favor prior to Trial.

        ii. Whether Plaintiffs' claims are time-barred pursuant to FLSA? Defendants' position is this issue only needs to be tried if not determined in Defendants' favor prior to Trial.

        iii. Whether Defendants are subject to FLSA due to the fact the Defendants are a construction business?

        iv. Whether Plaintiffs were employees hired by the Defendants as defined by FLSA?

        v. Whether Plaintiffs were paid overtime wages as defined by FLSA and NYLL?

        vi. Whether Defendants failed to issue Wage Statements/Notices as per FLSA and NYLL?

        vii. If Defendants are deemed liable then the amount of damages to be awarded to the Plaintiffs?

    c. Defendants' Defenses

    i. Defendant, Paradise Tree Service & Landscape Corp., pursuant to FLSA is involved in the Construction Industry and is not subject to FLSA's recordkeeping, wage, overtime wage and other requirements, because at no time during the relevant periods did Defendant have two or more employees and have an annual gross sales volume of $500,000.00 or more or perform duties closely related and directly essential to interstate activities.

    ii. Defendant, William Nieto, is a natural person and shareholder, manager, officer of Defendant, Paradise Tree Service & Landscape Corp., and not a business or employer and therefore not subject to FLSA's requirements.

    iii. The Plaintiffs may not "pierce the corporate veil" protecting the Defendant, William Nieto, as he is a natural person, shareholder, director and officer of the Corporate Defendant, Paradise Tree Service & Landscape Corp., and not subject to any personal liability allegedly caused by the Corporate Defendant, pursuant to State and/or Federal Laws.

    iv. The Complaint fails to state a claim against Defendants upon which relief can be granted, in that, Plaintiff fails to allege in his Complaint with specificity which provisions the Defendants violated of the following statutes: Fair Labor Standards Act of 1938 (FLSA) as amended, 29 U.S.C. § 207; New York Labor Law (NYLL), Article 19, §§ 650 et seq.; New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2; NYLL § 663 and 12 NYCRR § 142-2.1 (Unpaid Minimum Wages); NYLL § 663 and 12 NYCRR § 142-2.4 (Unpaid spread of hours pay); NYLL § 195(3) (Statutory damages for wage statement violations); and NYLL § 195(1) (Statutory damages for wage notice violations).

    v. The Plaintiffs' claims are barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

    vi. The Plaintiffs' claims are barred, in whole or in part, by the principles of waiver and/or estoppel.

    vii. The Plaintiff's claims are barred to the extent that Plaintiffs failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

    viii. The Defendants did not engage in commerce or in the production of goods for commerce or employ Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce, and therefore, not liable to the Plaintiff for any damages alleged pursuant to 29 U.S.C. §§ 201, 207, 216.

    ix. A defense is founded upon documentary evidence in possession of the Plaintiffs.

    x. The Court lacks subject matter and/or personal jurisdiction over the Defendants, because the Defendants are not subject to FLSA requirements as

        defined by FLSA and therefore, Plaintiffs' claims should be transferred to the State Court.

    xi. Defendants have paid Plaintiffs all statutory minimum and overtime wages and complied with all notice requirements pursuant to statutes regulating the Defendants.

    xii. Plaintiffs fail to meet the burden of proof required pursuant to FLSA and/or NY Labor Law Statutes.

    xiii. Defendants do not meet the annual income threshold to be held liable pursuant to FLSA.

    xiv. Plaintiffs' FLSA claims are time-barred and not recoverable.

4. **Whether the case is to be tried with or without a jury, and the number of trial days needed.**

    The case is to be tried with a jury. The Parties anticipate the trial will last 5 days.

5. **Any stipulations or statement of facts that have been agreed to by all parties.**

    None.

6. **All fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify, except for good cause shown.**

    a. Plaintiffs:

        i. Hector Hernandez

        ii. Jonathan Barahona

        iii. Jorge Maldonado

    b. Defendants

        i. William Nieto (In Person)

7. **The deposition testimony to be offered in its case in chief, with any cross designations and objections by any other party.**

    a. Plaintiffs: Testimony of William Nieto

    b. Defendants: Hector Hernandez and Jonathan Barahona

8. **The exhibits to be offered in evidence including, where possible, anticipated impeachment and rebuttal exhibits, and objections thereto. Questions of authenticity, best evidence, chain of custody, and related grounds should be resolved between the parties before trial. Only the exhibits listed will be received in evidence except for good cause shown.**

   a. Offered by Plaintiffs

| Trial Exhibit # | Description | Defendants' Objections |
|---|---|---|
| 1 | Plaintiffs' Complaint (ECF No 1) | |
| 2 | Defendants' Answer (Verified by William Nieto) dated November 10, 2021 | |
| 3 | Affidavit of William Nieto dated July 14, 2022 | |
| 4 | Affidavit of William Nieto dated April 14, 2022 | |
| 5 | Deposition transcript of William Nieto | |
| Not Numbered | Plaintiffs' proposed damages computation model to the Court. (Excel format) | |

   b. Offered by Defendants

| Trial Exhibit # | Description | Plaintiffs' Objections |
|---|---|---|
| 6 | EBT Transcript for Hector Hernandez | |
| 7 | EBT Transcript for Jonathan Barahona | |
| 8 | Video recording taken of Hector Hernandez's oral deposition | |
| 9 | Video recording taken of Jonathan Barahona's oral deposition | |
| 10 | 2018 Federal and NYS Tax returns for Defendant, Paradise Tree Service and Landscape, Corp. | Authenticity (Defendants federal tax returns furnished as PDFs are unreadable and/or corrupted); Failure to disclose (certified copies of tax returns have never been furnished by Defendants). |

| 11 | 2019 Federal and NYS Tax returns for Defendant, Paradise Tree Service and Landscape, Corp. | *See* Objections to 10, *supra.* |
|---|---|---|
| 12 | 2020 Federal and NYS Tax returns for Defendant, Paradise Tree Service and Landscape, Corp. | *See* Objections to 10, *supra.* |
| 13 | 2021 Federal and NYS Tax returns for Defendant, Paradise Tree Service and Landscape, Corp. | *See* Objections to 10, *supra.* |
| 14 | Complaint (Doc. 1) filed in *Maldonado et. al. v. Joe's Complete Tree Service et ano.*, U.S. District Court, Eastern District, 2:16-cv-03848-AKT | Plaintiff objects as the Defendants have not stated the purpose of admitting this document.<br><br>The *Maldonado* case is a prior NYLL/FLSA lawsuit in which Jonathan Barahona was also a Plaintiff. A court may take judicial notice of documents filed in prior litigation. "However, in taking judicial notice of such public records, the Court does so only to establish 'the fact of such litigation,' not for the truth of the matters asserted in that proceeding." *Hutchins v. Solomon*, No. 16-CV-10029 (KMK), 2018 U.S. Dist. LEXIS 169421, at *7 (S.D.N.Y. Sep. 29, 2018) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).<br><br>The mere fact that Mr. Barahona filed a prior NYLL/FLSA action is irrelevant and the prejudicial effect outweighs any probative value. |
| 15 | Summons (Doc. 2) filed in *Maldonado, supra* | *See* Objections to 14, *supra* |
| 16 | Answer (Doc. 18) filed in *Maldonado, supra* | *See* Objections to 14, *supra* |
| 17 | Amended Answer (Doc. 19) filed in *Maldonado, supra* | *See* Objections to 14, *supra* |
| 18 | Motion for Settlement (Doc. 26) filed in *Maldonado, supra* | *See* Objections to 14, *supra* |
| 19 | Order Approving Settlement (Doc. 27) filed in *Maldonado, supra* | *See* Objections to 14, *supra* |
| 20 | Check cashed by Defendants at request of Defendant Jonathan Barahona in the amount of $6,500.00; | Plaintiffs object as to relevance, and on the basis that the prejudicial effect outweighs any probative value. Plaintiffs further object as the Defendant has not stated the purpose of admitting the document. |

6

| | | |
|---|---|---|
| 21 | All exhibits marked at depositions and submitted to the court in this action in support or defense of defendants' positions. | Plaintiffs object to the grouping of "all exhibits" in a single trial exhibit and as the specific trial exhibits have not been identified.  Plaintiffs further object as the Defendant has not stated the purpose of admitting such documents.  Plaintiffs reserve the right to object to the complete list of trial exhibits when furnished by Defendants. |
| 22 | All affidavits and verifications submitted by Plaintiffs in this action | Plaintiffs object to the grouping of "all affidavits and verifications" in a single trial exhibit. The Defendants have neither identified nor produced the specific trial exhibits they wish to admit into evidence. Plaintiffs further object as the Defendant has not stated the purpose of admitting such documents. Plaintiffs reserve the right to object to the complete list of trial exhibits when furnished by Defendants. |
| 23 | All damage computations submitted by Plaintiffs in this action. | Plaintiffs object to the grouping of "all damage computations" in a single trial exhibit.  The Defendants have neither identified nor produced the specific trial exhibits they wish to admit into evidence.  The computations may be inadmissible under FRE 408.  Plaintiffs further object as the Defendant has not stated the purpose of admitting such documents. Plaintiffs reserve the right to assert objections upon proper identification and/or production of the trial exhibits. |
| 24 | Certified Copies of the Plaintiffs' criminal records deemed admissible | The Defendants have neither identified nor produced the specific trial exhibits they wish to admit into evidence. Plaintiffs object to the grouping of all "criminal records" in a single trial exhibit.  Criminal records may be inadmissible under FRE 609.  Plaintiffs further object as the Defendants have not stated the purpose of admitting such documents.  Plaintiffs reserve the right to assert objections upon proper identification and/or production of the trial exhibits. |
| 25 | Photographs of the Plaintiffs taken by William Nieto at job sites or obtained by online searches, social media, internet | Plaintiffs object as these documents have never been produced or otherwise identified by defendants as documents on which they might rely at the time of trial, nor have they been furnished with the Defendants' proposed PTO. |

7

9. **A statement as to whether or not all parties have consented to trial of the case by a magistrate judge. The statement shall not identify which parties have or have not consented.**

   All parties do not consent to trial of the case by a magistrate judge.

**SO ORDERED:**


Dated: Central Islip, New York
       January ___, 2024

8