UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN BARAHONA and HECTOR HERNANDEZ,

          Plaintiffs,

v.

PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO,

          Defendants.

Case No. 21-cv-05400 (GRB)(LGD)

**[PROPOSED] ORDER STRIKING THE ANSWER OF DEFENDANT PARADISE TREE SERVICE & LANDSCAPE CORP. AND ENTERING DEFAULT JUDGMENT**

Having reviewed all of the moving papers, the Court hereby finds as follows:

### Default

1. On February On February 8, 2024 the Court granted Glenn Ingoglia's motion to be relieved as counsel for the Defendants. See Civil Minute Entry, ECF No. 53. The order relieving Mr. Ingoglia directed William Nieto to advise the court to submit a notice of appearance for new counsel on behalf of Defendants by March 15, 2024. The order notified Defendant Paradise Tree & Landscape, Corp. ("Paradise") that "it must have counsel; it cannot proceed pro se." *Id.*, (*citing Chalos & Co., P.C. v. SRAM & MRAM Res. Berhad,* No. 23CV2523, 2023 WL 7325424, at *1 (E.D.N.Y. July 10, 2023)*("Defendant, as a corporation, cannot represent itself pro se in an action filed in federal court.")) (*citing Jones v. Niagara Frontier Trarnsp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)).

2. As of March 27, 2024, Paradise had not yet retained new counsel. On that date, the Court granted Paradise a final extension to April 10, 2024, to obtain counsel, and directed that should Paradise not retain counsel, Plaintiffs' counsel should file a pre-motion letter by April 24, 2024. See Civil Minute Entry, ECF No. 55.

3. On April 24, 2024, the Plaintiff timely filed a pre-motion letter to strike Paradise's answer and enter judgment against Paradise.

4. Because Paradise has failed to obtain counsel despite two Court orders to do so, Plaintiffs' motion to strike defendant's answer and for an entry of default for a sum certain is granted. *See Bratta v. Tramp, No.* 08-CV-4073 (JFB) (ETB).

## **Liability**

5. Paradise's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.,* 373 F.3d 241, 244 (2d Cir.2004). Nevertheless, the Court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz,* 577 F.3d 79, 85 (2d Cir. 2009). Admissions made by a defendant at a deposition may also serve as a basis for a default motion. *Eldesouky v. Aziz*, No. 11-CV-6986 (JLC), 2014 U.S. Dist. LEXIS 176224, at *53-54 (S.D.N.Y. Dec. 19, 2014)(considering defendant's admissions made at deposition on Plaintiff's motion for default). Based upon examination of the complaint and the declaration and documents submitted in support of the motion, the Court finds that plaintiff has established Paradise's liability and Plaintiffs' entitlement to damages against Paradise on the following cause(s) of action:

   a. Count I: Overtime under the Fair Labor Standards Act (29 U.S.C. § 201, et seq.);

   b. Count II: Overtime under the New York Labor Law and its implementing regulations (NYLL § 663; 12 NYCRR § 146-3.5);

   c. Count IV: Failure to furnish a hiring notice as required by NYLL § 195(1).

   d. Count V: Failure to furnish wage statements as required by NYLL § 195(3).

**Damages**

6.   Based upon a review of affidavits and other documentary evidence, *see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997), the Court finds that the plaintiffs have established damages in the following amounts:

|  | Jonathan Barahona | Hector Hernandez |
|---|---|---|
| Overtime (Counts I & II) | $ 113,250.00 | $ 44,250.00 |
| Damages (Counts IV & V) | 10,000.00 | 10,000.00 |
| Liquidated Damages (on Counts I & II) | 113,250.00 | 44,250.00 |
| Prejudgment Interest (on Counts I & II) | 53,615.34 | 17,533.91 |
| TOTAL | $ 290,115.34 | $ 116,033.91 |

7.   The Court further awards attorneys' fees in the amount of $69,362.50 and costs in the amount of $2,047.35 , and finds that the amounts are fair and reasonable.

8.   The Court directs the Clerk of the Court to enter judgment against Paradise as follows: In the amount of **$290,115.34** in favor of Plaintiff Jonatan Barahona, In the amount of **$116,033.91** in favor of Plaintiff Hector Hernandez, and **$71,409.85** in attorneys' fees and costs, for a total judgment amount of **$477,559.10**.

**Additional Provisions**

If any amounts remain unpaid upon the expiration of ninety days following issuance of this judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of this judgment shall automatically increase by fifteen (15) percent. NYLL § 198(4) and § 663(4).

For the foregoing reasons, the undersigned grants plaintiffs' motion and awards damages in a manner consistent with this opinion.

SO ORDERED:

_____