UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN BARAHONA and HECTOR HERNANDEZ,

                Plaintiffs,

     v.

PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO,

                Defendants.

Case No. 21-cv-05400 (GRB)(LGD)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE ANSWER OF DEFENDANT PARADISE TREE SERVICE & LANDSCAPE CORP. AND FOR DEFAULT JUDGMENT**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................... 1

**PROCEDURAL HISTORY** ................................................................................................. 1

**FACTS** ..................................................................................................................................... 2

**ARGUMENT** .......................................................................................................................... 3

    I.    THE ANSWER OF THE DEFENDANT PARADISE TREE SERVICE & LANDSCAPE CORP. SHOULD BE STRICKEN ................................................................................ 3

    II.   STANDARD ................................................................................................................ 4

    III.  SUMMARY OF COUNTS ........................................................................................ 5

        A.    Overtime (Counts I and II)................................................................................. 5

        B.    NYLL §§ 195(1) & 195(3)(Counts V and VI)................................................... 5

    IV.  THE PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES ON COUNTS I AND II UNDER THE FLSA AND THE NYLL .................................................... 7

    V.   THE PLAINTIFFS ARE ENTITLED TO PREJUDGMENT INTEREST UNDER THE NYLL ............................................................................................................................. 8

    VI.  THE NYLL PROVIDES THAT THE AMOUNT OF THE JUDGMENT AUTOMATICALLY INCREASES IF THE JUDGMENT IS NOT SATISIFED. ........... 9

    VII. ATTORNEYS' FEES AND COSTS REQUESTED SHOULD BE AWARDED ............. 9

**CONCLUSION** ..................................................................................................................... 11

## PRELIMINARY STATEMENT

By this motion, Plaintiffs Jonathan Barahona ("Barahona") and Hector Hernandez ("Hernandez") seek an order striking the answer of the Defendant Paradise Tree Service & Landscape, Corp. ("Paradise"), and for judgment for a sum certain on Counts I and II (overtime), and Counts IV and V (NYLL § 195 violations). A proposed Order for Default Judgment is annexed to the Notice of Motion. For the purposes of this motion, the Plaintiff is not seeking an award of damages on Counts II and III (Minimum Wages and Spread of Hours Pay). Damages calculations consistent with the principles and facts set forth herein are annexed to the Declaration of Steven J. Moser ("Moser Decl.") as Exhibit 1.

## PROCEDURAL HISTORY

This action was commenced on September 29, 2021 against Paradise Tree Service & Landscape, Corp. ("Paradise") and William Nieto ("Nieto") to recover damages for violations of the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL) and the Miscellaneous Wage Order (12 NYCRR § 142). *See* Complaint, ECF No. 1, annexed to the Declaration of Steven J. Moser ("Moser Decl.") as Exhibit 2. Discovery was closed on September 22, 2023.

On January 4, 2024 the attorneys for the parties advised of their availability for trial on February 28, 29, and March 1, 2024. *See* ECF Nos. 44, 45 and 46. The last in a series of proposed pretrial orders was submitted on January 30, 2024 (ECF No. 47), and Glenn Ingoglia, counsel for the Defendants, moved to withdraw on January 31, 2024 (ECF No. 48). On February 8, 2024 the motion to relieve Mr. Ingoglia was granted. *See* Civil Minute Entry, ECF No. 53, annexed to the Moser Decl. as Exhibit 3. The order relieving Mr. Ingoglia stated:

> Defendant William Nieto shall either advise the Court that he is proceeding pro se or submit a notice of appearance for new counsel on behalf of Defendants by 3/15/2024. Defendant Paradise Tree Service & Landscape, Corp. is notified that it must have counsel; it cannot proceed pro se. *See Chalos & Co., P.C. v. SRAM & MRAM Res. Berhad, No. 23*-CV-2523 (NGG) (AYS), 2023 WL 7325424, at *1

1

(E.D.N.Y. July 10, 2023) ("Defendant, as a corporation, cannot represent itself pro se in an action filed in federal court.") (citing Jones v. *Niagara Frontier Transp. Auth.*, 722 *F.*2d 20, 22 (2d Cir. 1983)).

As of March 27, 2024, Paradise had not yet retained new counsel. On that date, Magistrate Judge Dunst granted Paradise a final extension to April 10, 2024, to obtain counsel, and directed that should Paradise not retain counsel, Plaintiffs' counsel should file a pre-motion letter by April 24, 2024. *See* Civil Minute Entry, ECF No. 55, annexed to the Moser Decl. as Exhibit 4. On April 24, 2024 the Plaintiff filed a pre-motion letter to strike Paradise's answer and enter judgment against Paradise. On July 2, 2024 the Court issued a docket order directing the Plaintiffs to serve their motion to strike Paradise's answer to enter default judgment against Paradise by August 9, 2024.

## **FACTS**

The Plaintiff Jonatan Barahona was employed by Paradise Tree Service & Landscape Corp. as a driver and laborer from approximately March 15, 2017 until June 2021.[1] From approximately March 15 through November 29 of each year (the "busy season"), Barahona worked from 7AM to 7:30 PM, with a ½ hour break each day (12 hours daily).[2] From approximately March 15, 2017 through March 14, 2019, Barahona was paid daily wages of $150.[3] From March 15, 2019 until June 2021, he was paid daily wages of $200.[4] William Nieto admitted that the daily wages paid to Barahona were only compensation for the first 8 hours of work, nothing more.[5] During the busy season he worked, on average, at least 60 hours per week (5 days).[6] Barahona is not seeking to recover overtime damages during the winter season (from

---

[1] Complaint ¶ 21.
[2] Complaint ¶ 23.
[3] Complaint ¶ 22.
[4] Complaint ¶ 22.
[5] Deposition of William Nieto (Nieto Dep.) 17:2-11, annexed to the Moser Decl. as Exhibit 5.
[6] Complaint ¶ 24.

2

approximately December 1 until March 14). Barahona was paid in cash and never received a wage statement with the payment of wages or a hiring notice.[7]

The Plaintiff Hector Hernandez was employed by Paradise Tree Service & Landscape Corp. as a helper and laborer from approximately July 2019 until November 2020.[8] From approximately March 15 through November 29 of each year (the "busy season"), Hernandez worked from 7AM to 7:30 PM, with a ½ hour break each day (12 hours).[9] Hernandez was paid $150 per day.[10] However, William Nieto admitted that the daily wages paid to Hernandez were only compensation for the first 8 hours of work, nothing more.[11] During the busy season he worked, on average, at least 60 hours per week (5 days).[12] The Plaintiff Hernandez is not seeking to recover overtime damages during the winter season (from approximately December 1 until March 14). He was paid in cash and never received a wage statement with the payment of wages or a hiring notice.[13]

## **ARGUMENT**

### I. THE ANSWER OF THE DEFENDANT PARADISE TREE SERVICE & LANDSCAPE CORP. SHOULD BE STRICKEN

The failure of a corporate defendant to comply with a court's scheduling order and meaningfully participate in the defense of the action is grounds for striking the answer and entering default against that defendant. *Inga v. Nesama Food Corp.*, Civil ACTION NO.: 20 Civ. 0909 (ALC) (*SLC*), 2021 U.S. Dist. LEXIS 143208, at *8 (S.D.N.Y. July 30, 2021); *2W Prod. Corp. v. Y & P Wholesale, Inc.*, No. 07-CV-0423 (ENV) (MDG), 2009 U.S. Dist. LEXIS 138, 2009 WL 29311, at

---

[7] Complaint ¶¶ 27-29.
[8] Complaint ¶ 30.
[9] Complaint ¶ 32.
[10] Complaint ¶ 31.
[11] Nieto Dep. 18:15-21.
[12] Complaint ¶ 33.
[13] Complaint ¶¶ 40-42.

3

*4-5 (E.D.N.Y. Jan. 5. 2009) (recommending that answer be stricken where defendants "failed to participate in a meaningful fashion" and failed to comply with three court orders); *Bratta v. Tramp, No.* 08-CV-4073 (JFB) (ETB), 2009 U.S. Dist. LEXIS 152174, at *5 (E.D.N.Y. Nov. 30, 2009) ("Because [corporate defendant] has failed to obtain counsel despite two Court orders to do so, plaintiff's motion to strike defendant's answer and for an entry of default is granted.")(compiling cases).

Here counsel for the Defendants moved to withdraw on the eve of trial. On February 8, 2024, the Court granted Paradise until March 27, 2024 to retain counsel. As of March 27, 2024, Paradise had not yet retained new counsel, and the Court granted Paradise a final extension to April 10, 2024. Paradise has again failed to obtain counsel and to appear for and defend the corporate defendant.

## II.  STANDARD

In the context of a motion for default judgment on FLSA and NYLL claims, the plaintiffs' "estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In resolving a motion for default judgment, the Court may rely on the allegations pled in the complaint. *Freedom Mortg. Corp. v. Hughes*, No. 22-CV-05966 (JMA) (ST), 2024 U.S. Dist. LEXIS 30749, at *5 (E.D.N.Y. Feb. 22, 2024) (stating that "the district court must accept well-pled allegations as true"). Admissions made by a defendant at a deposition may also serve as a basis for a default motion. *Eldesouky v. Aziz*, No. 11-CV-6986 (JLC), 2014 U.S. Dist. LEXIS 176224, at *53-54 (S.D.N.Y. Dec. 19, 2014)(considering "the admissions in Aziz's deposition testimony" on Plaintiff's motion for default.

Here, plaintiffs rely upon the allegations in their Complaint, as well as admissions made by Nieto, on behalf of Paradise, in his deposition testimony.

### III.   SUMMARY OF COUNTS

#### A.   Overtime (Counts I and II)

The method of computation of overtime under the FLSA and the NYLL are identical. Where the employer is paid a daily rate that is intended to compensate a certain number of hours, the regular rate is the daily rate divided by the number of hours that the payment is intended to compensate. *See Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, at *67-68 (S.D.N.Y. Jan. 5, 2012)("In calculating damages, the Secretary proposes, and the Court agrees, that it is appropriate to calculate an imputed [regular] hourly rate for each of these employees by dividing each employee's daily wage rate by 10 hours (the length of the workday to which the parties have stipulated").

Here, the Defendant concedes that the daily wages paid to the Plaintiffs were intended to compensate them for up to 8 hours each day, and were not intended to compensate them for working more than 8 hours a day. Nieto Dep. 17:2-11; 18:15-21. Plaintiffs therefore compute their regular rate by dividing their daily rate divided by the number of hours that the daily rate is intended to compensate (8).

#### B.   NYLL §§ 195(1) & 195(3)(Counts V and VI)

Plaintiffs' claims arising out of Paradise's failure to provide wage notices at the time of hiring, and to furnish accurate wage statements with each payment of wages bear special mention.

In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946), the Supreme Court recognized that an employers' failure to keep and furnish "proper and accurate" records to the employee causes harm to employees. The Supreme Court also fashioned a remedy for an employer's failure to maintain and keep adequate records – a relaxed burden of proof which can be met by the employee's own testimony. *Id.*

5

In 2011, the New York Legislature recognized that victims of wage theft are harmed by an employer's failure to notify them of their hourly wage, overtime pay, and other rights, as well as an employer's failure to furnish accurate statements showing how the employee's pay was calculated. *See* NYLL §§ 195 & 198. From April 9, 2011 until March 30, 2022 District Courts within the Second Circuit unanimously recognized that the victims of wage theft are harmed by an employer's failure to keep and furnish records to the employee as required by NYLL § 195. On March 30, 2022 Judge Chen issued a trio of decisions finding that a Plaintiff who has standing to pursue statutory claims in state court is not entitled to a remedy in federal court absent a concrete and particularized injury and that the defendant's failure to furnish to the plaintiff a hiring notice or wage statements was essentially *harmless*. *See e.g. Garrido v. House of Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 U.S. Dist. LEXIS 58496, at *1 (E.D.N.Y. Mar. 30, 2022).

The Supreme Court's reasoning in *Anderson* applies with equal force to claims under NYLL § 195. If there were no harm to the employee by an employer's failure to keep and furnish accurate payroll records, the Supreme Court would never have provided a remedy. Just as the failure to keep accurate payroll records prejudices a victim of overtime theft, inaccurate or non-existent wage statements and the failure to furnish a hiring notice prejudice New York employees who are victims of wage theft. They are kept in the dark about their actual rates of pay and their rights. The failure to furnish wage statements makes it more difficult for them to satisfy their burden of proof. Therefore, a Plaintiff who is the victim of wage theft has the right to assert claims against the employer for failure to keep and furnish the records required by NYLL § 195. *See Kaur v. Natasha Access. Ltd.*, No. 23-CV-6948 (JPO), 2024 U.S. Dist. LEXIS 127326, at *9 (S.D.N.Y. July 16, 2024) (Oetken, J.); *Bueno v. Buzinover*, No. 22 Civ. 2216 (PAE) (KHP), 2023

6

U.S. Dist. LEXIS 38154, at *5-6 (S.D.N.Y. Mar. 7, 2023) (Engelmayer, J.); *Veloz v. MM Custom House Inc.*, No. 19-cv-852(DLI)(JRC), 2024 U.S. Dist. LEXIS 54202, at *19 (E.D.N.Y. Mar. 26, 2024) (Irizarry, J.). Consistent with the Supreme Court's decision Anderson, many Courts in this Circuit have continued continues to recognize that the failure to properly pay employees' their overtime and regular wages is a natural and "tangible downstream consequence of the failure to receive" information required by NYLL 195. *Martinez v. Finger Mgmt. Corp.,* No. 23-CV-5901, 2024 U.S. Dist. LEXIS 85146, 2024 WL 2114330, at *2 (quoting *Lipstein v. 20X Hosp. LLC*, No. 22-cv-04812 (JLR) (JW), 2023 U.S. Dist. LEXIS 167615, at *25 (S.D.N.Y. Sep. 19, 2023). NYLL § 195 simply gives victims of wage theft another arrow in the quiver, where the wage theft is accompanied by a NYLL § 195 violation.

## IV. THE PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES ON COUNTS I AND II UNDER THE FLSA AND THE NYLL

> Under the FLSA, an employer who underpays an employee is liable "in the amount" of those unpaid wages "and in an additional equal amount as liquidated damages" unless the employer shows to the satisfaction of the court that its behavior giving rise to the FLSA violation "was in good faith" and that it had "reasonable grounds" for believing it was not in violation of the FLSA.

*Muhammed Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60-61 (2d Cir. 2016) (citing 29 U.S.C. § 260).

"[T]he employer bears the burden of establishing, by 'plain and substantial' evidence, subjective good faith and objective reasonableness." *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) (citing 29 U.S.C. § 260). This burden, "is a difficult one to meet, however, and '[d]ouble damages are the norm, single damages the exception.'" *Id.* at 71 (quoting *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987)).

7

## V. THE PLAINTIFFS ARE ENTITLED TO PREJUDGMENT INTEREST UNDER THE NYLL

Where both the FLSA and New York Labor Law provide for recovery, it is appropriate for the Court to award the maximum recovery available. *Wlodzimierz Drozd v. Vlaval Constr., Inc.*, No. 09CV5122 (SJ) (CLP), 2012 U.S. Dist. LEXIS 146568, at *4-5 (E.D.N.Y. Oct. 10, 2012); *see also Jiao v. Chen*, No. 03 Civ. 0165 (DF), 2007 WL 4944767, 2007 U.S. Dist. LEXIS 96480, at *17 (S.D.N.Y. Mar. 30, 2007).

New York law directs the recovery of both prejudgment interest and liquidated damages:

> In any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, <u>prejudgment interest as required under the civil practice law and rules</u>, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, <u>an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due</u>.

NYLL 198 (emphasis supplied); *see also Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *35 (S.D.N.Y. June 9, 2016); *Castillo v. RV Transp., Inc.*, No. 15 Civ. 0527 (LGS), 2016 U.S. Dist. LEXIS 48503, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016). The CPLR provides for prejudgment interest of 9 percent per annum[14] on all damages from a single reasonable intermediate date.[15]

Although it is true that an employee seeking liquidated damages under the FLSA may not recover prejudgment interest, the Plaintiff may recover prejudgment interest for "any period where both [the FLSA and the NYLL] allowed for liquidated damages in the same amount of 100 percent of unpaid wages, and the Court has opted to award such damages under state law."

---

[14] NY CPLR § 5004.
[15] NY CPLR § 5001.

8

*Rodriguez v. Obam Mgmt.*, No. 13cv00463 (PGG) (DF), 2016 U.S. Dist. LEXIS 155315, at *67-68 (S.D.N.Y. Nov. 7, 2016).

## VI. THE NYLL PROVIDES THAT THE AMOUNT OF THE JUDGMENT AUTOMATICALLY INCREASES IF THE JUDGMENT IS NOT SATISIFED.

Both NYLL § 198(4) and § 663(4) state:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

Because all of the damages sought are available under the NYLL the order should provide for an automatic increase consistent with NYLL §§ 198(4) and 663(4). *Gonzalez-Diaz v. Daddyo's Mgmt. Grp.*, No. 16 CV 1907 (ENV)(RML), 2017 U.S. Dist. LEXIS 185397, at *11 (E.D.N.Y. Nov. 7, 2017) (compiling cases).

## VII. ATTORNEYS' FEES AND COSTS REQUESTED SHOULD BE AWARDED[16]

"Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions." *Callari v. Blackman Plumbing Supply, Inc.*, No. CV 11-3655 (ADS) (AKT), 2020 U.S. Dist. LEXIS 79882, at *20 (E.D.N.Y. May 4, 2020); 29 U.S.C. § 216(b); NYLL §§ 198(1-a) & 663(1). An award of attorneys' fees and costs incurred by a prevailing plaintiff is mandatory under both the FLSA and NYLL. *See Soler v. G & U, Inc.,* 658 F. Supp. 1093, 1097 (S.D.N.Y. 1987); *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, at *22-23 (S.D.N.Y. Sept. 30, 2010). The Court has discretion to determine the size of the award. *See Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir. 1983).

---

[16] Contemporaneous billing records and records of expenses have been furnished as Exhibit 6 to the Moser Declaration.

9

Courts within the Eastern District of New York have found partner hourly rates of $500 and paralegal rates of $150.00 to be reasonable. *See, e.g.,* N*at'l Env't Safety Co. v. Katz,* No. 18-cv-02161 (JMA) (GRB), 2019 U.S. Dist. LEXIS 76044, 2019 WL 1994049, at *2 (E.D.N.Y. May 6, 2019) (awarding hourly rates from $500-600 per hour for partners, and $100 per hour for paralegals); *Reiter v. Maxi-Aids, Inc.*, No. 14 CV 3712 (SJF) (GRB), 2019 U.S. Dist. LEXIS 67873, 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019) (finding $100 per hour for paralegals to be reasonable); *Leo v. Province Therapeutics, L.L.C.*, No. 23-cv-05418 (NJC) (JMW), 2024 U.S. Dist. LEXIS 93577, at *6 (E.D.N.Y. May 24, 2024) (approving partner rate of $450 and paralegal rate of $150.00). Indeed, partner rates of $450 were awarded 8 years ago in 2016. *Hall v. Prosource Techs., L.L.C.*, No. 14-CV-2502 (SIL), 2016 U.S. Dist. LEXIS 53791, at *38-39 (E.D.N.Y. Apr. 11, 2016) (finding that partner with twelve years of experience in litigating FLSA and NYLL wage and hour lawsuits should be awarded an hourly rate of $450).

The hourly rate for Steven J. Moser, a partner with the Moser Law Firm, P.C., of $500 per hour is reasonable and should be approved. Steven J. Moser is a graduate of Fordham University Law School. He has 25 years of experience in litigation and 15 years of experience in wage and hour litigation. He works almost exclusively in prosecuting wage and hour litigation in federal and state court on behalf of aggrieved workers. He speaks Spanish fluently. He has been appointed class counsel in class actions, including *Serrano v. Mamais Contracting Corp. and Trustees of Columbia University in the City of New York, et al.*, 12-cv-06374 (LTS)(S.D.N.Y. October 15, 2013)(ECF No. 64), *Mendez v. U.S. Nonwovens Corp.*, 314 F.R.D. 30, 35 (E.D.N.Y. 2016), *Santamaria v. Nature's Value, Inc. et al*, 15-cv-04535 (GRB)(E.D.N.Y. January 4, 2017)(ECF No. 38), *Guevara v. Sirob Imports*, Inc., 15-cv-02895(E.D.N.Y. February 7, 2020), *Connors v. American Medical Response*, 20-cv-05046 (KHP)(S.D.N.Y. April 21, 2021)(ECF No.

32); *Castillo v. Perfume Worldwide*, 17-cv-02972 (E.D.N.Y. March 22, 2022), *Sanchez-Herrera v. Quadami, et al.*, Index No. 1507/2016 (Supreme Court, Nassau County 2017), and *De Los Santos v. New Food Corp.*, 14-cv-4541(AYS). He has been described as "an experienced FLSA attorney." Chavez v. White Post Wholesale Growers, Inc., 12cv-1348 (E.D.N.Y. December 18, 7 2012)(Seybert, J.).

The hourly paralegal rate of $125 per hour with the Moser Law Firm, P.C. is reasonable and should be approved. Indeed, paralegals working for the Moser Law Firm, P.C. must have the following qualifications: they must be bilingual in English and Spanish, have a bachelor's degree in political science, english, or law, or possess a paralegal certificate.

## **CONCLUSION**

The Plaintiffs have computed damages consistent with the principles set forth in this memorandum of law.[17] For the foregoing reasons, Plaintiff requests that the instant motion for default be granted in its entirety, and that the Clerk be directed to enter judgment in favor of the Plaintiffs against Paradise as set forth in the proposed Judgment.

Dated: Huntington, New York
September 9, 2024

Respectfully submitted,

Steven J. Moser

---

[17] Annexed as Exhibit 7 to the Moser Declaration is the damages computation spreadsheet showing the formulas that were used to incorporate the principles set forth herein.

11