

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

April 8, 2025

**VIA ECF**

Hon. Gary R. Brown, USDJ
United States District Court Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

Re:   *Barahona et al v Paradise Tree Service & Landscape, Corp et al,*
       Case No. 21-cv-05400 (GRB)(LGD)

Dear Judge Brown:

  I represent the Plaintiffs Jonathan Barahona and Hector Hernande in the above-referenced FLSA/NYLL case. Please accept this pre-motion letter for leave to file a motion (1) for entry of a default judgement against Paradise Tree Service & Landscape Corp. and (2) for summary judgment against William Nieto holding him personally liable for said judgment in lieu of trial.

  On September 6, 2024 Plaintiffs filed a Motion to Strike the Answer of Paradise Tree Service & Landscape Corp.  *See* D.E. 71 & 72.  On September 19, 2024 the Court referred the motion to strike the answer and enter default to Magistrate Judge Lee G. Dunst.  On October 4, 2024 Magistrate Judge Dunst recommended that the motion be granted in part and denied in part. More specifically, Judge Dunst recommended that the motion to strike be granted, but that the motion for default judgment against Defendant Paradise Tree Service & Landscape, Corp. be denied without prejudice. *See* D.E. 76 and Docket Orders dated October 7, 2024.  On October 31, 2024 the Court issued an order adopting said Report and Recommendations.

  By this letter the Plaintiffs respectfully renew their motion for a default judgment against the corporate defendant.  More specifically, with regard to the anticipated trial against William Nieto, Plaintiffs respectfully submit that said trial will needlessly occupy the Court's time and resources.

  Annexed hereto as Exhibit 1 is a list of admissions made by Mr. Nieto at his deposition.[1] More specifically:

1. Mr. Nieto formed Paradise in 2007.
2. Mr. Nieto has been the sole shareholder of Paradise since its formation in 2007
3. Mr. Nieto is the President and Owner of Paradise

---

[1] Relevant pages from Mr. Nieto's deposition transcript are annexed hereto as Exhibit 2.

Hon. Gary R. Brown, USDJ 
Re:   *Barahona v. Paradise Tree Service & Landscape Corp., et al.*
Page 2

4. Mr. Nieto was primarily responsible for supervising Barahona and Hernandez
5. Mr. Nieto had the authority to hire and fire employees of Paradise, including the Plaintiffs.
6. Mr. Nieto was responsible for disciplining and correcting employees of Paradise
7. Mr. Nieto was responsible for paying employees of Paradise
8. Mr. Nieto hired Jonathan Barahona and Hector Hernandez
9. Mr. Nieto paid Hernandez in cash.
10. Mr. Nieto paid Barahona in cash.

The Second Circuit has found that an individual who has the authority to hire and fire the Plaintiff, supervises the Plaintiff, determines the rate and method of payment, and maintains employment records may be personally liable as an employer under the FLSA and the NYLL. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 10 (2d Cir. 1984). "[I]n the individual-liability context[,] 'the remedial nature of the [FLSA] . . . warrants an expansive interpretation of its provisions so that they will have the widest possible impact in the national economy.'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) (citing *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984))). Moreover,

> an individual [need not be] personally complicit in FLSA violations [in order to be personally liable. In Fact,] the broad remedial purposes behind the statute counsel against such a requirement. The statute provides an empty guarantee absent a financial incentive for individuals with control, even in the form of delegated authority, to comply with the law, and courts have continually emphasized the extraordinarily generous interpretation the statute is to be given.

*Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013).

Former counsel for Mr. Nieto refused to stipulate to a singe fact. At this point, however, the answer of the corporate defendant has been stricken and a trial is not necessary to determine Mr. Nieto's liability. Therefore, we respectfully renew our request for entry of judgment for a sum certain against the corporate defendant and for summary judgment against Mr. Nieto holding him personally liable therefor.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:   William Nieto (via email)