The Law Office of
# GLENN J. INGOGLIA
**104 Long Beach Road**
**Island Park, New York 11558**
**glenn@ingoglialaw.com**

| | |
|---|---|
| **Telephone: (516) 432-0500** | **Admitted to Practice Law** |
| **Facsimile: (516) 432-7333** | **in the State of New York** |

**June 4, 2025**

**VIA ECF**
**Hon. Gary R. Brown, USDJ**
**United States District Court**
**Eastern District of New York**
**100 Federal Plaza**
**Central Islip, NY 11717**

**Re:     DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED ORDER**
**Barahona et al. v. Paradise Tree Service & Landscape Corp. and William Nieto**
**Case No.:  2:21-cv-05400 (GRB)(LGD)**
**Trial Commenced/Completed: May 12, 2025**

**Dear Judge Brown:**

**Regarding the above matter, this office has been recently retained by the Defendants, Paradise Tree Service & Landscape Corp. and William Nieto, to represent their interests.  Prior to my being recently retained, I previously represented the defendants in this matter, from the time they filed their Answer, through February 8, 2024, when I was relieved, pursuant to an Order issued by Magistrate Lee Dunst.  I was retained again by defendants on May 30, 2025.  I filed a Notice of Appearance on June 3, 2025 (DE# 88).**

**The Defendants' counsel was not in attendance at the trial on May 12, 2025, as I was not retained again at that time.  I have ordered an expedited certified copy of the trial transcript. I am advised by the Court Reporters that I may receive the transcript as soon as Friday, June 6, 2025. I respectfully request the Court consider this fact, when making any decisions.**

**On behalf of the defendants and pursuant to FRCP RULE 46, I submit these objections to the proposed order submitted by the Plaintiffs on May 14, 2025 (DE# 87, attachment #1).   In summary, the Plaintiffs' order materially differs from the decisions contained in the minute entries for the trial decision dated May 12, 2025.  The Plaintiffs' order attempts to grant the**

**2:21-CV-05400(GRB)(LGD)**

Plaintiffs substantially more relief than the Court granted.  As a result, the plaintiffs' proposed order, respectfully, should be rejected.

The minute entries, containing the court's rulings, are as follows:

> "Minute Entry for proceedings held before Judge Gary R. Brown: Bench Trial held on 5/12/2025. Steven Moser for plaintiffs; William Nieto (pro se). Spanish Interpreter present by telephone and sworn. Witness testimony heard. Parties rest. Closing arguments heard. Rulings placed on the record: the FLSA claim is dismissed without prejudice. *The NYLL overtime pay claim is granted, all other claims are dismissed.* The court finds plaintiff Barahona is awarded $85,500.00 and plaintiff Hernandez is awarded $20,250.00. Plaintiff is directed to submit an order by Wednesday. Pre-judgment interest and attorney's fees can be a separate submission. Plaintiff is further directed to submit a default judgment against the corporate defendant. (Court Reporter Marie Foley, Toni Ann Lucatorto.) (KM) (Entered: 05/13/2025)"

The Defendants object to paragraphs enumerated "4" and "5" in plaintiffs' proposed order. These paragraphs state that the Plaintiffs' NYLL claims for employer's failure to furnish wage statements (P. 4) and hiring notices (P. 5) are dismissed "without prejudice."  These claims were dismissed with no mention of being dismissed with or without prejudice, according to the entries. Therefore, according to FRCP RULE 41(b), these claims are considered fully adjudicated and dismissed "with prejudice."

Likewise, the other claims dismissed by the court, should be considered dismissed with prejudice, unless explicitly stated differently.  For instance, Plaintiffs' FLA claim (cause of action #1) was explicitly dismissed "without prejudice."  However, all of the other claims alleged by the Plaintiffs, except for its second cause of action for overtime wages, were dismissed.  Plaintiff's THIRD, FOURTH, FIFTH and SIXTH causes of action were dismissed with prejudice, as they were not granted nor explicitly dismissed "without prejudice."  FRCP RULE 41(b).

The Defendants also object to all other portions of the Plaintiffs' proposed order because the Defendants, shortly after the filing of this letter, are filing a Letter Motion seeking relief: 1) Pursuant to FRCP RULES 55(c) and 60(b), vacating the default of the corporate defendant, Paradise Tree Service & Landscape Corp, 2) Pursuant to FRCP RULES 55, 59 and 60, extending Defendants' time to file a motion seeking a new trial on Plaintiffs' Second Cause of Action which alleged violations of the New York Labor Law and was granted on May 12, 2025, as well as vacating, opening, altering and amending the judgment/order, granting Plaintiffs' second cause of action, 3) Pursuant to U.S. Const. Amend. VII, extending Defendants' time to file a motion seeking a trial by jury for any new trial,; and 4) Such other and further relief.

Consequently, the Defendants object to paragraphs 1, 2, 3 and 6 in the Plaintiffs' proposed order, due to the same grounds supporting defendants' upcoming motions for a new trial and to open, vacate, alter and/or amend the order/judgment, issued on May 12, 2025.  The Defendants also object to Plaintiffs' calculations of pre-judgment interest as being incorrect.

2:21-CV-05400(GRB)(LGD)

Moreover, the defendants also object to Plaintiff attempting to include **NYLL § 198(4)** in paragraph 3 of the proposed Order, as it was not mentioned in the minutes for the Order.  Finally, the Defendants reserve their rights to raise all other objections not explicitly stated but reasonably inferred from those contained herein.

**Thank you, Your Honor, for your attention to this matter.**


**Respectfully submitted,**


*Glenn J. Ingoglia*

**Glenn J. Ingoglia**


c.c.:     **VIA ECF and steven.moser@moserlawfirm.com**
          **Steven J. Moser, Esq.**
          **Moser Law Firm, P.C.**
          **Attorney for Plaintiffs**

**2:21-CV-05400(GRB)(LGD)**