FILED
CLERK

10/16/2024 9:39 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
Jonatan Barahona, et al.,        . Docket #CV-21-5400 (GRB)(LGD)
                                 .
          Plaintiffs,            .
                                 .
          V.                     . United States Courthouse
                                 . Central Islip, New York
Paradise Tree Service            . October 4, 2024
& Landscape, Corp., et al.,      . 12:03 p.m.
                                 .
          Defendants.            .
```
.................................

TRANSCRIPT OF ZOOM TELECONFERENCE
BEFORE THE HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For The Plaintiffs: | Steven J. Moser, Esq.<br>Moser Law Firm, PC<br>133 C New York Ave.<br>Huntington, NY 11743 |
| For The Defendants: | William Nieto<br>Pro Se<br>193 Lafayette Street<br>Copiague, NY 11726 |
| Audio Operator: | |
| Transcribing Firm: | Writer's Cramp, Inc.<br>1027 Betty Lane<br>Ewing, NJ 08628<br>609-588-8043 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1              THE CLERK:  Calling case, 21-CV-5400, Barahona, et
 2    al, vs. Paradise Tree Service & Landscape Corp., et al.
 3    Counsel for Plaintiff and pro se Defendant, please state your
 4    appearance, for the record.
 5              MR. MOSER:  Yes.  Steven Moser for the Plaintiff.
 6    Good afternoon, Your Honor.
 7              THE COURT:  Good afternoon, Mr. Moser.  Mr. Nieto,
 8    are you there?
 9              MR. NIETO:  (No verbal response).
10              THE COURT:  Mr. Nieto, I know you're on the line.
11    Can you hear me?
12              MR. NIETO:  (No verbal response).
13              THE CLERK:  He's motioning that he can't hear.  It
14    looks like he doesn't have audio.
15              THE COURT:  Okay, okay.  Ms. Tirado, are you able to
16    hear me?
17              THE CLERK:  I hear you, yes.
18              THE COURT:  Okay, thank you.  Mr. Nieto, you appear
19    to be having an audio problem.  If you are, you can use the
20    telephone dial in if that's easier.
21         (Pause in proceedings)
22              THE CLERK:  Judge, I just sent him a chat telling
23    him to call in, so hopefully, he received that.
24              THE COURT:  Thank you.
25         (Pause in proceedings)
```

```
 1              THE COURT:  Ms. Tirado, I also see in the Joint
 2   Pretrial Order a cell phone number for Mr. Nieto, if you want
 3   to send it to him that way.
 4              THE CLERK:  Sure, let me -- I think he's calling in
 5   right now by the looks of it.
 6              THE COURT:  Oh, all right.  Thank you.  There we go.
 7       (Pause in proceedings)
 8              THE COURT:  Good afternoon.  Mr. Nieto, are you
 9   there?
10              MR. NIETO:  Hi.  Good afternoon.  Now I can hear
11   you.
12              THE COURT:  All right, very good.  Good afternoon,
13   Mr. Nieto.  This is Judge Dunst.
14              MR. NIETO:  Hi.
15              THE COURT:  Hi.  All right.  All right.  So we're
16   here today for a Status Conference.  I've got two issues
17   before me on this case today, unless the Court has anything
18   else they want to address.  I have the Proposed Joint Pretrial
19   Order for the trial against just Mr. Nieto.  That's at Docket
20   Entry 73-1, and then I also want to address Plaintiff's Motion
21   to Strike the Answer of the Corporate Defendant Paradise and
22   Enter Default Judgment against Paradise.  That's a Docket
23   Entry 71.  There was no opposition filed on behalf of
24   Paradise, and Judge Brown referred that motion to me.
25          My intention is to rule orally on all of this today, but
```

```
 1    before I do so, I want to see if anyone's got any additional
 2    comments either to the Joint Pretrial Order or to the Motion
 3    to Strike the Answer of Paradise and Enter a Default Judgment
 4    motion.  Mr. Moser, do you have anything to add?
 5              MR. MOSER:  No, I do not, Your Honor.
 6              THE COURT:  All right, thank you.  Mr. Nieto,
 7    anything you want to add, or any questions you want to ask
 8    that I can address?
 9              MR. NIETO:  No.
10              THE COURT:  All right, thank you.  All right.  So
11    let me turn first to the Proposed Joint Pretrial Order for the
12    trial of the claims against just Mr. Nieto at Docket Entry 73-
13    1.  I have reviewed it, and it complies with Judge Brown's
14    rules, and I'm going to approve the Joint Pretrial Order at
15    Docket entry 73-1 and indicate on the Docket that this case is
16    trial-ready against Mr. Nieto before Judge Brown.  I am also
17    going to indicate in my Minute Orders that the parties shall
18    advise Judge Brown by October 31st, 2024, regarding dates when
19    they are available for a trial before Judge Brown in 2025.
20         Let me turn next to the motion regarding Paradise at
21    Docket Entry 71 to Strike the Answer and Enter a Default
22    Judgment against Paradise that Judge Brown has referred to me
23    for a report and recommendation.  I am going to orally
24    recommend to Judge Brown that the motion be granted in part
25    and denied in part.  Let me first turn to the Motion to Strike
```

                                                                5

1    Paradise's Answer.
2         Paradise is a corporate entity and must be represented by
3    counsel.  There are many cases that stand for this
4    proposition.  One which I've cited to the parties previously
5    in this case is CHLOS vs. SRAM.  That's C-H-L-O-S vs. S-R-A-M.
6    That's at reported in W.L. at 2023, W.L. 7354 -- pardon me,
7    7352 -- 5424.  That's Eastern District of New York from July
8    of -- July 10th, 2023, {quoting}, "Defendant, as a
9    corporation, cannot represent itself pro se in an action filed
10   in federal court," {unquote}, and that relies upon a Second
11   Circuit case, Jones vs. Niagara, 722 F.2d 2, at Page 22, and
12   that's a Second Circuit case from 1983.
13        The issue about Paradise's representation by counsel has
14   been raised repeatedly by me over the last many months, and
15   I've given Paradise sufficient opportunity to retain counsel
16   in this case and have failed to do so.  Therefore, consistent
17   with the applicable law, I am recommending orally to Judge
18   Brown that he grant Plaintiff's Motion to Strike Paradise's
19   answer and, as a result, directing Plaintiff to seek entry of
20   a Certificate of Default against Paradise from the clerk of
21   the Court.
22        But turning next to the Motion for a Default Judgment
23   against Paradise, well, in the first instance, there is not
24   yet a Certificate of Default entered Paradise.  But in any
25   event, I'm recommending to Judge Brown orally that he deny

```
 1   without prejudice the Motion for Default Judgment against
 2   Paradise.  And this is in large part due to the efficiencies
 3   in this case.
 4        In light of the fact that there is now a trial-ready case
 5   of claims against Mr. Nieto and in light of the overlap of the
 6   factual and legal issues between Mr. Nieto and the corporate
 7   Defendant Paradise, I find it inefficient to deal with the
 8   Default Judgment Motion separately and most productive to
 9   delay determination of the merits of the default judgment
10   against Paradise and any damages that Paradise may owe until
11   after the trial of the claims against Mr. Nieto.
12        The Supreme Court has recognized that, {quote}, "The
13   district court possesses inherent powers that are governed not
14   by rule or statute but by the control necessarily vested in
15   courts to manage their own affairs so as to orderly achieve --
16   so as to achieve the orderly and expeditious disposition of
17   cases."  That's from Dietz vs. Bouldin at 579 U.S. 40 at Page
18   45, 2016.  And in that same case, the Supreme Court held that,
19   {quote}, "District courts have the inherent authority to
20   manage their dockets and courtrooms with a view toward the
21   efficient and expedition resolution of cases," {unquote}.
22        In light of the unique circumstances here involving a
23   trial proceeding forward as to Mr. Nieto in his individual
24   capacity and the fact that there will be presumably a
25   Certificate of Default entered against Paradise, in light of
```

```
 1   the extensive overlap of legal and factual issues here, I find
 2   it most efficient to -- for the Court to exercise its inherent
 3   authority and deny, without prejudice, the Default Judgment
 4   Motion against Paradise to be renewed at the conclusion of the
 5   trial against Mr. Nieto.
 6        So I'm reminding both parties that my rulings today on
 7   Docket Entry 71, Paradise's Motion to Strike -- pardon me --
 8   Plaintiff's Motion to Strike Paradise's Answer and to enter a
 9   Default Judgment Motion is just an oral report and
10   recommendation, and the parties have 14 days to object to
11   Judge Brown if you disagree with my oral report and
12   recommendation.  And I will put in my Minute Order the
13   standard details regarding the parties' respective rights to
14   object to my oral rulings today.  I'm also going to direct the
15   Plaintiff to serve a copy of my order today on the Defendants
16   and file Evidence of Service on ECF.
17        All right.  That's all that I have on my agenda for the
18   parties today, but let me open it up and see if the parties
19   have anything else that you want to raise with me today.  Mr.
20   Moser, anything else for today?
21             MR. MOSER:  Nothing from the Plaintiffs.
22             THE COURT:  All right, thank you.  Mr. Nieto,
23   anything else for today?
24             MR. NIETO:  Yes.  Well, I just want to let you know
25   that I'm still working with trying to find a lawyer where
```

8

```
 1   everything is -- you know, they charge, meaning a lot of
 2   money.  So it's very hard for me to find the right lawyer, but
 3   I'm still looking.
 4               THE COURT:  All right.  Mr. Nieto, you certainly --
 5   I know you've been trying for a very long time, and I have
 6   provided you with many, many opportunities and many delays in
 7   this case to provide you with adequate time to find new
 8   counsel.  However, at this point, nothing about that changes
 9   any of my rulings today in terms of approving the Joint
10   Pretrial Order or my recommendation to Judge Brown regarding
11   Paradise's motion.
12        If you want to raise these issues and objections to Judge
13   Brown, you can do so.  But I've provided you with extensive
14   opportunities and have delayed this case for a long period of
15   time to provide you with a chance to retain new counsel.  If
16   you do, you can make that application to Judge Brown.  But at
17   this point, the case against you is and your individual --
18   individually is trial-ready, and the next step will be with
19   Judge Brown, do you understand?
20               MR. NIETO:  Yes.
21               THE COURT:  All right, thank you.  All right.  So
22   again, we'll issue an Order indicating my various rulings on
23   the record and also indicate that the parties have the right
24   to object to my report -- oral report and recommendation to
25   Judge Brown as needed.  All right.  Everyone, have a good rest
```

```
                                                                9

 1   of the day.  Enjoy the upcoming weekend, and we are adjourned.
 2   Thank you.
 3              ALL:  Thank you.
 4        (Court adjourned)
 5
 6                         CERTIFICATION
 7   I, Lewis Parham, certify that the foregoing is a correct
 8   transcript from the electronic sound recording of the
 9   proceedings in the above-entitled matter.
10
11
12   [signature: Lewis Parham]                    10/16/24
13
14   _____          _____
15   Signature of Transcriber                    Date
```