

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

June 12, 2025

**VIA ECF**

Hon. Gary R. Brown, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

Re:   *Barahona et al v Paradise Tree Service & Landscape, Corp et al*
      Case No. 21-cv-05400 (GRB)(AYS)

Dear Judge Brown:

Plaintiffs respectfully file this letter in response to the Defendants' letter dated June 4, 2025 which was filed by former counsel for the Defendants on June 4, 2025 (D.E. 89).

Defendants object to the dismissal of the Plaintiffs' wage statement and hiring notice claims "without prejudice."  However, the Defendants ignore the fact that these claims were dismissed for lack of jurisdiction consistent with *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 302 (2d Cir. 2024).  Where a Court dismisses a claim for lack of subject matter jurisdiction, the dismissal is without prejudice. *Torres v. Sushi Sushi Holdings, Inc.*, No. 19 Civ. 2532 (PAE) (RWL), 2021 U.S. Dist. LEXIS 100474, at *19 (S.D.N.Y. May 27, 2021).

The defendants also object to including the automatic increase provisions of NYLL § 198(4) in paragraph 3 of the proposed Order, the provision was not mentioned in the minutes for the Order.  However, Defendants do not argue that this Court is not empowered to include the statutory language.  Indeed, courts have sua sponte included the language from NYLL § 198(4) even when not requested by the Plaintiff. *Lopez v. Martha's Cocina Mexicana, L.L.C.*, No. 23-CV-2053 (LDH) (TAM), 2023 U.S. Dist. LEXIS 230511, at *38 n.13 (E.D.N.Y. Dec. 27, 2023) ("Although Plaintiff did not request this provision in his motion for default judgment or the Supplemental Submission, the statutory language provides that any judgment or court order 'shall provide' for this automatic fifteen percent increase. NYLL § 198(4). Accordingly, Plaintiff's damages under the NYLL should be increased by fifteen percent for any amounts unpaid after ninety days following the issuance of judgment or the expiration of the time to appeal.").

Finally, the Defendants object to the Plaintiffs' computation of prejudgment interest. The statutory interest rate pursuant to CPLR § 5004 is 9% per year. CPLR § 5001(b) sets forth two acceptable methods of calculating prejudgment interest. Interest may be calculated from "the earliest ascertainable date the cause of action existed." However, "[w]here . . . damages were

incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Vilchis v. Seoul Sisters, Inc.*, No. 15-cv-6339 (JBW)(MDG), 2016 U.S. Dist. LEXIS 126617, 2016 WL 6106478, at *8 (E.D.N.Y. Sept. 15, 2016), R. & R. adopted, 2016 U.S. Dist. LEXIS 144801, 2016 WL 6102342 (Oct. 18, 2016).

Prejudgment interest is awarded "in order to compensate the injured party for the loss, over a period of time, of the use of the property to which it was entitled." *Panix Prods. v. Lewis*, No. 01 Civ. 2709 (HB), 2003 U.S. Dist. LEXIS 11952, at *8 (S.D.N.Y. July 15, 2003). "In determining the date from which to calculate the interest when damages were incurred at various times, courts have wide discretion in choosing a reasonable date." *Panix Prods.*, 2003 U.S. Dist. LEXIS 11952, at *8

In this case, Plaintiffs have used the midpoint of their employment as the date when interest began to accrue, because it best represents the date on which the Plaintiffs did not receive the wages to which they were entitled. Interest is computed on the wages only. This method has been used by district courts awarding interest on NYLL claims. *Pavia v. Around the Clock Grocery, Inc.*, No. 03 CV 6465 (ERK), 2005 U.S. Dist. LEXIS 43229, at *29 (E.D.N.Y. Nov. 15, 2005) ("this Court will compute interest from the month halfway between when plaintiff began and ceased working for defendant."); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012) (awarding interest from midpoint in Plaintiff's employment with Defendant).

The Defendants remaining objections relate to their anticipated motion for a trial de novo.

For the foregoing reasons, Plaintiffs' request that the proposed judgment be entered by the Court.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:   William Nieto *pro se* (via email)