UNITED STATES DISTRICT COURT
<u>EASTERN DISTRICT OF NEW YORK</u>

JONATHAN BARAHONA and HECTOR HERNANDEZ,

                Plaintiffs,

     v.

PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO,

                Defendants.

Case No. 21-cv-05400 (GRB)(LGD)

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE THE COURT'S JUDGMENT AND FOR A NEW TRIAL**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
133 C New York Avenue
PO Box 710
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

**PRELIMINARY STATEMENT**

Defendants have moved to vacate, set aside and/or modify the Court's Judgment and have requested a new trial. Although the Defendants make reference to Rules 52, 59, 60 and 62, the challenges fall into four categories. According to the Defendants,

1. The Court improperly calculated the regular rate and the overtime rate in determining the amount of the award[1];

2. The Judgment should be reduced because the Court did not account for absences or lack of work due to holidays or inclement weather[2];

3. The Court erred in awarding liquidated damages under the New York Labor Law[3];

4. Not inviting Mr. Nieto to make an opening statement in a bench trial is grounds for a new trial.[4]

The Defendant is incorrect on all four points.

**ARGUMENT**

**I.   THE COURT PROPERLY CALCULATED THE REGULAR RATE**

Mr. Nieto admitted at trial that the daily rate was *not intended to pay the Plaintiffs' for 10 hours of work*, but only 8:

> Q. The daily pay that you paid to Hector, was it intended to compensate him for only eight hours?
>
> * * *
>
> A. Correct.

---

[1] *See* Memorandum of Law in Support of the Defendants' Motion for a New Trial and Other Relef (D.E. 91), ¶¶ 18-26.
[2] *See* Def MOL (D.E. 91) ¶¶ 27-38.
[3] *See* Def MOL (D.E. 91) ¶¶ 41-44.
[4] *See* Def MOL (D.E. 91) ¶¶ 48.

1

>Q. And the daily rate that you paid to Jonathan, it was intended to compensate him only for eight hours?
>
>A. Sometimes there were times that he would only work eight hours. Sometimes we would only work half a day. But whenever he would work late, I would always pay him his overtime.
>
>Q. My question is: If you paid him his daily rate, which you said at one point in time was 150, later it was 200, was that for eight hours of work?
>
>A. Correct.

Trial Transcript 29:24-30:15.

In fact, Mr. Nieto has *always maintained* that the daily wages paid to the Plaintiffs were intended to compensate them for up to 8 hours each day. The daily wages were not intended to compensate the Plaintiffs for any work performed in excess of 8 hours a day (40 hours per week). Nieto Dep. 17:2-11; 18:15-21.

Defendants contend that the regular rates must be determined by dividing the daily rate by 10, instead of 8. Defendants cite to no specific authority for this proposition, but instead refer to entire Article 6 of the New York Labor Law.

"Where, as here, the employers paid their employees a fixed daily salary, 'the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary designated by the number of hours which the salary is intended to compensate." *De Los Santos v. Marte Constr., Inc.*, No. 18-CV-10748 (PAE) (KHP), 2020 U.S. Dist. LEXIS 224592, at *15 (S.D.N.Y. Nov. 24, 2020)(citing 29 CFR § 778.113(a)); *Quito v. KW Ny Constr. Inc.,* 2024 U.S.

2

Dist. LEXIS 92696, at *3 (S.D.N.Y. May 20, 2024)(calculating regular rate by dividing the daily rate by "eight (8) hours, for which Plaintiffs' pay was intended to cover[.]").[5]

## II. THE COURT WAS PERMITTED TO APPROXIMATE DAMAGES, AND THE JUDGMENT NEED NOT BE MODIFIED SIMPLY BECAUSE DAMAGES CANNOT BE DETERMINED WITH "MATHEMATICAL PRECISION"

"Where an employer, as here, fails to keep adequate records of the hours worked by employees and the wages paid to them, an employee may meet his burden [of proof] simply through estimates based upon his recollection." *Chichinadze v. BG Bar, Inc.*, 517 F. Supp. 3d 240, 252 (S.D.N.Y. 2021); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 688, 66 S. Ct. 1187, 1192-93 (1946)("In the absence of proper records, a Plaintiff's recollection and estimates are. . .presumed to be correct."). Moreover, the court may "award damages to the employee, even though the result may be only approximate." *Gonzalez v. Masters Health Food Serv.*, No. 14-CV-07603 (VEC), 2017 U.S. Dist. LEXIS 139174, 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (quoting *Mt. Clemens Pottery Co.*, 328 U.S. at 688.

Because Mr. Nieto did not keep any payroll records, he "cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records[.]"*Mt. Clemens Pottery Co.,* 328 U.S. at 688.

In this case the Court approximated damages fairly, and there is no good faith basis to challenge the damages award.

---

[5] "[T]here is a rebuttable presumption that 'a *daily* or *weekly* salary does not include an overtime premium for the hours worked in excess of forty hours per week.'" *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194, 2016 U.S. Dist. LEXIS 66013, 2016 WL 2939154, at *4 (E.D.N.Y. May 19, 2016)(emphasis supplied)(quoting *Solis v. Cindy's Total Care, Inc.*, No. 10-CV-7242, 2012 U.S. Dist. LEXIS 1808, 2012 WL 28141, at *19 (E.D.N.Y. Jan. 5, 2012)).

**III.    THE COURT DID NOT ERR IN AWARDING LIQUIDATED DAMAGES UNDER THE NEW YORK LABOR LAW**

Mr. Nieto never asserted a defense of good faith to liquidated damages. He did not assert good faith as a defense in his answer. He did not assert good faith as a defense by way of motion. Finally, he did not assert the defense at trial. Now, Mr. Nieto claims that the Court should have ruled in his favor on a defense he never raised. Mr. Nieto asserts that he proved his good faith defense to liquidated damages through the following statement:

> "What I think is that I don't think that what they're asking is fair because I feel l have complied with all payments…..Because of that I am refusing to pay any such amount so exaggerated…"

Trial Transcript 68:18-23.

Even if the Defendants had raised the affirmative defense of good faith (which they did not) Mr. Nieto's "feeling" that he has complied with the law is inconsequential.  In order to establish a good faith defense, "the employer bears the burden of establishing, by 'plain and substantial' evidence, subjective good faith and objective reasonableness." *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) (citing 29 U.S.C. § 260). This burden, "is a difficult one to meet, however, and '[d]ouble damages are the norm, single damages the exception.'" *Reich*, 121 F.3d at 71 (quoting *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987)).

**IV.    NOT INVITING A DEFENDANT TO MAKE AN OPENING STATEMENT AT A BENCH TRIAL WHEREIN THE PLAINTIFF HAS NOT MADE AN OPENING STATEMENT DOES NOT CONSTITUTE GROUNDS FOR A NEW TRIAL**

The Second Circuit has held that in a civil case, "opening is merely a privilege to be granted or withheld depending on the circumstances of the individual case." *United States v. 5 Cases, More or Less*, 179 F.2d 519, 522 (2d Cir. 1950), cert. denied, 339 U.S. 963, 70 S. Ct. 997, 94 L. Ed. 1372 (1950); *accord Clark Advert. Agency, Inc. v. Tice*, 490 F.2d 834, 836-37 (5th Cir.

4

1974). Judge Colleen McMahon once informed the parties in advance of a bench trial: "The last thing I need is opening statements[.]"[6]

Mr. Nieto had no right to make an opening statement. His claim that if he had been asked whether he wanted to make an opening statement he would have chosen to do so, and that his opening statement would have affected the outcome of the case is absurd. He has not submitted any legal authority to support his position that he is entitled to a new trial.

## CONCLUSION

Dissatisfaction with the Court's Judgment is not grounds for vacatur, modification or a new trial. The Defendants have not demonstrated grounds for vacatur, modification or a new trial.

Dated:  Huntington, New York
        June 25, 2025

                                              Respectfully submitted,

                                              Steven J. Moser

---

[6] *See* Order, annexed hereto as Exhibit 1.

5