UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

IN RE OMNICOM GROUP INC ERISA
LITIGATION

20 CIV 4141 (CM)

————————————————————x

ORDER RESPONDING TO DOCKET #199

McMahon, J.:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2023

Counsel, thank you for today's letter. Herewith some guidance:

1. I do not ordinarily hold pre-trial conferences prior to bench trials. In fact, thanks to your thoughtful questions, anything we would discuss at a pretrial conference can be addressed in this order. So consider this the Final Pre-Trial Conference Order.

2. You have a total of seven days to get this thing tried: February 22, 23, 24, 27, 28, March 2 and 3 (I, along with many of my colleagues, have a longstanding commitment at Fordham Law School all day on March 1). I am picking a jury in another case on March 6, and I have a criminal jury trial starting March 13; those dates are set in stone, so don't expect to continue into the week of March 6. In order to accommodate you I am trying to minimize the number of other matters I have to deal with on our trial days, but I do have to give the court reporters time for lunch and for breaks.

We begin at 10 AM daily, Monday through Friday. On February 22 and 27, I must leave the courthouse by 4:30; other days we will work until 5, or even a little later if we can finish with a witness.

I figure that gives you about 35-36 hours of my time and attention over those seven trial days, which should be more than enough time to present a case in which almost all of the direct will be by affidavits and reports that will be read prior to the trial. (Frankly I think you are proposing to call a ridiculous number of witnesses – as many as 23! – although some of them, like the named plaintiffs, really do not have much of interest to say). Ordinarily I would give each side an equal amount of time on your feet or 18 hours for each side, but 5 of the plaintiffs' witnesses are the named plaintiffs, whose testimony is not likely to take very long (or to be very helpful in resolving the case), so I will give the plaintiffs 16 hours and the defendants 20 hours. When you hit the limit, wherever you are in your presentation, you will have to stop -- and you will not be allowed to ask any more questions of witnesses. Please plan accordingly. Remember, the paper directs don't count against your time.

As for "objections" to the witness statements – I simply don't bother with them in bench trials. I know if something is irrelevant; I know if it is hearsay; I know what to ignore. If you really feel that something in a witness statement is objectionable (we have already dealt with objections to the expert reports), then you must submit something in writing, which in one paragraph per objection explains the basis for the objection, citing the rule of evidence and explaining exactly what bit of testimony runs afoul of that rule and why. I will gather those up, and I will consider them after the trial concludes, while I am parsing the evidence. If a ruling is required (usually it is not), I will make one, and you can rest assured that the excluded evidence will not factor into my ultimate decision on the merits. But I expect lawyers of your caliber to know what can come in and be considered and what cannot and not to play games with the witness affidavits. Remember, I already know pretty much everything there is to know about your respective cases in chief.

Speaking of directs not counting against time, I expect witness statements from at least some of the five potential third party witnesses. The fact that someone is a third party does not mean that s/he is not "under your control" in the litigation sense. For example, the Plan's investment consultant and the Plan's outside counsel are plainly aligned with Defendants and so must present their direct testimony via affidavit – they are "under your control" as this court understands that term.

3. The last thing I need is opening statements. You have been "opening" on this case for two years. We will see if there is any time for closing statements, let alone any need for them, as the trial progresses.

4. Here is how all witnesses testify: the witness takes the stand, is sworn, and is handed his/her witness statement (or, in the case of the experts, the expert report). The witness authenticates the statement or report and adopts it as the direct testimony. It comes into evidence having been pre-marked with an exhibit number. Counsel sits down (no additional questioning, which responds to your Question 7). Cross examination commences. Obviously redirect is permitted. But it has to be redirect – can't go off in new directions (this also responds to your Question 7).

5. This being a bench trial, you can assume that all exhibits are in evidence – I don't worry much about arguing fine points of evidence law when there is no jury, and I do not have hours to waste prior to or during the trial making evidentiary rulings and trying to cull your exhibits down to a manageable number. Whether I will pay any attention to all the stuff you are proposing to submit (you are really overtrying this case) is another matter; in fact, at the conclusion of the trial, if an exhibit has not been referenced, it will simply be stricken from evidence. I need you to submit a binder for each witness, which should contain the exhibits referenced in the witness statement and the exhibits to be used on cross examination. Double siding saves trees, but exhibit tabs are mandatory, so that I can find references easily.

6. You should call my Deputy Clerk, Mariela de Jesus, and set up a pre-trial technology visit to test your equipment and figure out how you will get things done.

7. See (3) above.

8. No.

Dated: January 26, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL