UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN BARAHONA and HECTOR HERNANDEZ,

                Plaintiffs,

        v.

PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO,

                Defendants.

Case No. 21-cv-05400 (GRB)(LGD)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION FOR A NEW TRIAL AND OTHER RELIEF**

1. I, GLENN J. INGOGLIA, ESQ. (GI 1655), an attorney duly licensed to practice law in the Eastern and Southern Districts of New York and the Courts of the State of New York, do hereby swear the following statements are true and correct under the penalty of perjury:

2. I represent the Defendants, PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO, and do hereby submit on their behalf this Reply Memorandum in further support of Defendants' motion for a new trial and other relief and in response to Plaintiffs' opposition to the aforesaid motion.

3. In summary, the Defendants should be granted a new trial as well as all other relief sought in defendants' motion now before the court because: (1) the Court made manifest errors of fact and/or law during the trial which resulted in an unjust and incorrect result and verdict, and had such errors in fact and law not been made by the court there would have been a substantially different verdict in defendants' favor as contrasted with the verdict as it stands, in plaintiffs' favor; (2) a fraud is being perpetrated upon the court by the plaintiffs and therefore a new trial should be granted and the verdict, conclusions, findings and resulting judgments vacated; (3) there were several irregularities prior to the trial and during the trial, on the court's part and when added together, resulted in the

**Defendants being deprived their 7th and 10th Amendment Rights provided pursuant to the U.S. Constitution, affording the Defendants a right to have a jury trial and a fair trial, respectively; and (4) all other relief sought heretofore and herein.**

**4.     The Plaintiffs' papers question Defendants' authority in alleging that the Plaintiffs' hourly regular pay and therefore, hourly overtime pay, was incorrectly calculated by the Court.**

**5.     Pursuant to N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.2 - Overtime Rate, "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.,* the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate." N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.2.**

**6.     "[a]n employee paid on an hourly basis is paid by the hour, an employee paid on a daily basis is paid by the day, and an employee paid on a weekly basis is paid by the week — irrespective of when or how often his employer actually doles out the money." *Helix Energy Sols. Group, Inc. v. Hewitt*, 2023 U.S. LEXIS 944 (Feb. 22, 2023).**

**7.     The New York State Minimum Wage Orders contain the State's overtime requirements. These requirements are in addition to and mirror those required by federal law regarding overtime wages. Fair Labor Standards Act (FLSA). Most employees, as in the case at bar, must receive overtime pay at the rate of 1½ times their *regular* rate of pay for all hours worked over 40 in a workweek. Certain residential employees must receive overtime pay at the rate of 1 ½ times their regular rate of pay for all hours worked over 44 in a workweek. N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.2; 29 CFR § 778.112; and NYLL § 190-199.**

2

**8.** Pursuant to <u>29 CFR § 778.112,</u> "If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek." <u>29 CFR § 778</u>.

**9.** It is undisputed by all parties at trial, deposition and prior affidavits, that the plaintiffs were paid on a per day salary basis. At trial, the plaintiffs testified they were paid $150.00 per day as the defendant did. See Exhibit C. At each of the plaintiffs' depositions (Exhibits D and E), the plaintiffs testified that they were paid $150.00 per day.

**10.** At his deposition, the Plaintiff Barahona admitted that he never worked 10 hours any day, and probably never worked as many as 8 hours per day and maybe not 6 hours per day. See Exhibit D, P.22-27. The Defendant, NIETO, always testified that the plaintiffs were paid a salary per day. See Exhibit P.

**11.** Therefore, assuming you believe the Plaintiffs are owed overtime wages, which the defendants do not, then the regular hourly wage for each Plaintiff was $15.00 and the overtime hourly wage was $22.50 per hour. This amount is approximately 20% less than the amount the court calculated per hour.

**12.** However, there needs to be a new trial because the court applied the wrong standard when determining the defendants' conduct was willful in allegedly underpaying the plaintiffs. The Court's cited standard at the end of the trial transcript for determining willful misconduct on the defendant's part was incorrect and therefore no liquidated damages should have been awarded to plaintiffs even if you believe they were underpaid.

**13.** The court incorrectly stated at the conclusion of trial and while rendering its decision, that the employer must "show he was paying consistent with the law." That is not the

3

standard and is impossible. The standard to determine liquidated damages is the employer must *"prove a good faith basis to believe that its underpayment of wages was in compliance with the law*, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due . . ." *[emphasis added]*.

14. Consequently, a new trial should be granted.

15. The several irregularities that seemingly even though unintentionally, favored the plaintiffs and prejudiced the defendants, warrant a new trial. Agreed, opening statements are not a right but rather a privilege that if not granted is not prejudicial.

16. However, defendants contend that several irregularities amounted to a violation of defendants' 10th Amendment Right to a fair trial. Offering plaintiffs the opportunity to make an opening statement and not offering the defendants the same opportunity, respectfully, is not fair. The Court telling the Defendants that they spoke with Mr. Nieto and he speaks English well and probably doesn't need an interpreter was not fair to the defendants to suggest such a thing. The plaintiff's deposition was taken utilizing a Spanish interpreter the whole time. Also, the colloquy between the court and plaintiff's attorney that lasted many pages in the transcript at the end of the trial regarding the plaintiffs' attorney was permitted by the court to testify as to the weather that had been during the years relevant to the claims, without ever offering any evidence regarding same or disclosing any material. The court should not have permitted the plaintiffs' counsel to testify and certainly not about material not in evidence. The Court before the lunch break and before the trial had concluded stated on the record that the only issue was how much pre-judgment interest should be awarded. This was also respectfully improper and all these things taken together violated the defendants' 10th Amendment Rights guaranteed under the US Constitution.

17. The Court accepted the Plaintiffs' attorneys' word that the 36 week period in which the court awarded damages did not get dark outside prior to 6pm. However, a closer look reveals that there are on average 30 days every year, during that time-frame in which sundown occurs prior to 6pm.

4

**18.** The Court also never considered national holidays when computing overtime, in the sense that the plaintiffs did not work on national holidays and never alleged they did and therefore there should not have been overtime those weeks with holidays. Nor, should overtime been awarded for days when there was inclement weather. Barahona testified at his deposition that inclement weather was not unusual especially that time of year.

**19.** Probably most disconcerting is the plaintiffs have never provided any identification proving what their names are. I asked at their deposition but plaintiffs' counsel would not permit it. Plaintiffs' counsel has been alternating the way he spells Barahona's first name all throughout the litigation on the documents he generates and submits to the court. Mr. Barahona testified at his EBT he actually has four (4) names and admitted to giving an officer who gave him a traffic summons a false address, because he had no identification on him at the time so all the information appearing on the summons was provided by Barahona verbally.

**20.** I understand that resident status is not discoverable nor relevant. But, identity is and has not been provided. I sincerely hope this court take a step back on awarding two (2) people who have not provided any proof of identity and are obviously aliens illegal or not, hundreds of thousands of dollars, without first determining their identities.

**21.** I would opine that since the 9/11 terrorist attacks, this court and all courts, at least take precautions enough to attain identities.

**22.** Plaintiffs' counsel citing the trial transcript to try and show that the plaintiffs were paid their daily rate only for 8 hours fails as the portion of the transcript he cited just before that statement has the defendant, Mr. Nieto, testifying the plaintiffs got paid the same amount when they worked less hours, which is one of the defining characteristics of a "salaried" employee. This fact as mentioned above was corroborated by Barahona at his deposition and by both plaintiffs at trial.

## CONCLUSION

The Defendants respectfully request that all relief requested in their motion for a new trial and other relief, be granted in its entirety, along with such other and further relief as this Court deems just and proper.

Dated: Island Park, New York
July 2, 2025

>Yours, etc.,
>THE LAW OFFICE OF GLENN J. INGOGLIA

By: *Glenn J. Ingoglia*

>GLENN J. INGOGLIA, ESQ. (GI 1655)
>Attorney for Defendants
>PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO
>104 Long Beach Road
>Island Park, New York 11558
>(516) 432-0500 Telephone
>glenn@ingoglialaw.com

TO:
VIA ECF
THE CLERK OF THE COURT
U.S. DIST. COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP
100 Federal Plaza
Central Islip, NY 11722

Steven J. Moser, Esq.
Moser Law Firm, P.C.
133C New York Avenue
P.O. Box 710
Huntington, New York 11743
(631) 824-0200
steven.moser@moserlawfirm.com

**THE LAW OFFICE OF GLENN J. INGOGLIA**
104 Long Beach Road
ISLAND PARK, NEW YORK 11558
(516) 432-0500

Civil Action No.: 2:21-cv-05400 (GRB)(LGD)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
================================================================

JONATHAN BARAHONA and HECTOR HERNANDEZ,

                Plaintiffs,

  -against-

PARADISE TREE SERVICE & LANDSCAPE, CORP.
and WILLIAM NIETO,

                Defendants.
================================================================
**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A NEW TRIAL AND OTHER RELIEF**
================================================================
**Signature (F.R.C.P. Rule 11)**

*Glenn J. Ingoglia*
_____
**Print name beneath**
===========================================================
       **Glenn J. Ingoglia, Esq. (GI 1655)**
       **THE LAW OFFICE OF GLENN J. INGOGLIA**
       *Attorney for Defendants*
       *PARADISE TREE SERVICE & LANDSCAPE, CORP.*
       *and WILLIAM NIETO*
       *Office and Post Office Address, Telephone*
       **104 Long Beach Road**
       **ISLAND PARK, NEW YORK 11558**
       **Phone: (516) 432-0500**
       **Fax: (516) 432-7333**
       **glenn@ingoglialaw.com**

**Steven J. Moser, Esq.**
**Moser Law Firm, P.C.**
**Attorney for Plaintiffs**
**133C New York Avenue**
**P.O. Box 710**
**Huntington, New York 11743**
**(631) 824-0200**
**steven.moser@moserlawfirm.com**

~ 1 ~