

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 23, 2025

**VIA ECF**

Hon. Gary R. Brown, USDJ
United States District Court Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

Re:   *Barahona et al v Paradise Tree Service & Landscape, Corp et al*
      Case No. 21-cv-05400 (GRB)(AYS)

Dear Judge Brown:

   I represent the Plaintiffs. Please accept this letter, which addresses factual misstatements made by Defendants for the first time in their reply dated July 3, 2025. D.E. 96.

   According to Mr. Ingoglia:

> At his deposition, the Plaintiff Barahona admitted that he never worked 10 hours any day, and probably never worked as many as 8 hours per day and maybe not 6 hours per day. See Exhibit D, P.22-27.[1]

   This is a mischaracterization of Mr. Barahona's deposition testimony.

   At the portion of the transcript cited by Mr. Ingoglia, Mr. Barahona was using the term "work" as it was presented by Mr. Ingoglia. Mr. Ingoglia specifically asked "what was the earliest you could start *working at a job site*?" Barahona Dep. 24:3-4 (emphasis supplied). Thereafter, Mr. Barahona was testifying regarding the time actually spent "working at a job site". *See* 24:8-11 (in which Mr. Barahona talks about time spent at the "job"); 25:21-22 (referring to working time as doing "a job"). Mr. Ingoglia cannot ask about the time spent *working at a job site* and then construe the answers to include the entire workday. Under New York Law, work includes all time that an employee "is required to be available for work at a place prescribed by the employer, and…include[s] time spent in traveling to the extent that such traveling is part of the duties of the employee." 12 NYCRR 142-2.1(b).

   According to Mr. Ingoglia, "NIETO, always testified that the plaintiffs were paid a salary per day. See Exhibit P."[2]

---

[1] *See* Reply Memorandum of Law of Glenn J. Ingoglia dated July 3, 2025.  D.E. 96, at 9.
[2] *See* Reply Memorandum of Law of Glenn J. Ingoglia dated July 3, 2025.  D.E. 96, at 9.

Hon. Gary R. Brown, USDJ                                                    MOSER LAW FIRM, PC

Re: *Barahona v. Paradise Tree Service & Landscape Corp.*
Page 2

      This is also incorrect. Mr. Nieto has always stated that the Plaintiffs were not paid a daily rate regardless of the number of hours worked. Trial Transcript 23:10-11 ("And if [Hector] was going to work an extra hour, I would always pay him."); 23:15-16 ("they were always paid. . .for extra hours"); 23:19-21 (testifying that he always paid Jonathan "extra" for working after 4 pm); 24:16-19 (testifying that he always paid Hector "extra" for working after 4 pm). Kevin Nieto also testified that his father was supposed to pay for hours worked after 4:00 PM. Transcript 53:14-16.

      Moreover, Mr. Ingoglia has the temerity to mischaracterize the terms of employment after he repeatedly instructed Mr. Nieto not to answer questions regarding whether Plaintiffs were paid for working more than 8 hours a day. The following is simply one example of the deposition misconduct: [3]

> (12) Mr. Moser: Here, this declaration says
> (13) if Jonatan worked past 6:00 he would get $50
> (14) per hour. Your testimony here today is that
> (15) if he worked past 4:00 he would be paid $50
> (16) an hour.
> (17) Q. Which one is it?
> (18) MR. INGOGLIA: Objection to form. Don't
> (19) answer.

Nieto Dep. p. 58.

                                                   Respectfully submitted,

                                                   *Steven J. Moser*
                                                   Steven J. Moser

---

[3] A complete list of all of the questions that Mr. Ingoglia instructed Mr. Neito not to answer is annexed hereto as Exhibit 1.