# The Law Office Of
# GLENN J. INGOGLIA

**104 Long Beach Road**
**Island Park, New York 11558**
**glenn@ingoglialaw.com**

| | |
|---|---|
| Telephone: (516) 432-0500 | Admitted to Practice Law |
| Facsimile:  (516) 432-7333 | in the State of New York |

July 24, 2025

<u>Via ECF</u>
Hon. Gary R. Brown, U.S.D.J.

Re:   Jonathan Barahona et ano v William Nieto et ano
      02:21-cv-05400 (GRB)(LGD)
      **DEFENDANTS' OPPOSITION TO PLAINTIFFS' LETTER DATED JULY 23, 2025, AND LETTER MOTION FOR THE RELIEF REQUESTED HEREIN**

**Dear Honorable Judge Brown:**

**Regarding the above matter, I represent the Defendants.  I submit this letter (1) in opposition to Plaintiffs' Letter in response to Plaintiffs' Reply Papers in support of their Motion for a New Trial and Other Relief.  In addition, I submit this letter as a Motion (2) to Compel the Plaintiffs to produce a complete and unredacted/revised copy of the Plaintiff, WILLIAM NIETO's deposition transcript which was taken on February 7, 2023.  Finally, I submit the within Letter Motion (3) to compel the Plaintiffs to produce government issued picture Identification to prove their identities and proper legal names.**

**Regarding, Plaintiffs' counsel's letter, all assertions alleged therein are fabrications, misrepresentations and false statements with no other legitimate purpose but to deceive the Court and deprive the Defendants of their rights and properties.**

**Plaintiffs' counsel states that the evidence introduced by me regarding Barahona's sworn statements at his deposition in which he stated he did not ever work as many as l0 hours per day, probably not as many as 8 hours per day and maybe not as many as 6 hours per day, were mischaracterizations on my part and raised for the first time in Defendants' reply papers. This is a Bold Faced, False Statement on the part of Mr. Moser. Defendants' counsel clearly stated just that in Defendants' Memorandum of Law in Support of Defendants' Motion for a New Trial and Other Relief,**

> "18. All the testimony by the plaintiffs and defendant, William Nieto, at trial, depositions and prior affidavits, corroborate that the plaintiffs were paid on a salary basis per day. At trial, the plaintiffs testified they were paid $150.00 per day as did the defendant. See Exhibit C. At each of the parties' depositions (Exhibits D, E and F), *the plaintiffs testified that they were paid $150.00 per and Plaintiff Barahona admitted that he never worked 10 hours any day, and probably never worked as many as 8 hours per day and maybe not 6 hours per day*. See Exhibit D, P.22-27. The Defendant, NIETO, always testified that the plaintiffs were paid a salary per day. See Exhibit F." *[Emphasis Added]* **Defendants' Memorandum of Law in Support of**

2

> **Defendants' Motion for a New Trial and Other Relief, Page 3, Paragraph 18.**

**Moreover, the Defendants alleged the above in their initial motion papers and not as mischaracterized by Plaintiffs' attorney. In addition, Plaintiffs' attorney spent a fair amount of time on the above issue in his opposition, and therefore, Defendants would have been well within their rights to raise it in their reply.**

**Plaintiffs' attorney also states, blatantly and falsely and for no other reason than to deceive this Court, that Defendant "Nieto" has always stated the Plaintiffs were NOT paid a daily rate despite the hours they worked. He admits I have always maintained this fact. He fails to mention the corroborating evidence I used to support this in my initial motion papers such as Trial Transcript, Wage Affidavit and Deposition testimony. Plaintiffs' attorney just alleges the opposite is true without corroborating it.**

**Plaintiffs' characterization of Kevin Nieto's testimony at trial is also misleading and seemingly invented if you compare Plaintiffs' attorney's allegations and the trial transcript.**

**I don't know the meaning of the exhibit Plaintiffs' attorney attached but it seems to be redacted or revised and not in original form. Thus, I respectfully request this Court Order the Plaintiffs' attorney to produce a complete unredacted/revised copy. Additionally, I requested identification for the Plaintiffs at their depositions. Plaintiffs' counsel objected and refused to let them produce it. We don't know their true/legal names.**

**Plaintiffs' counsel makes a lot of assertions in the beginning of the letter about what his client meant or understood to mean when he said something or when I asked him a question, but yet he doesn't submit a sworn affidavit from his client and his interpretations are not evidence in admissible form.**

**Lastly, the Plaintiffs' counsel was not granted a sur-reply, nor did he ever request one. His papers should not be considered because of that, but if they are they should be denied due to the foregoing.**

**In addition, I respectfully request that my requests for the Plaintiffs to compel a copy of William Nieto's deposition transcript and government issued picture identification be granted, along with such other and further relief as this court deems just and proper.**

**Respectfully, submitted,**

**Sincerely yours,**


**Glenn J. Ingoglia (GI 1655)**


**c.c.: Steven Moser, Esq. (Via ECF)**