UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN BARAHONA and HECTOR HERNANDEZ,

          Plaintiffs,

   v.

PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO,

          Defendants.

Case No. 21-cv-05400 (GRB)(LGD)

**ORDER AND JUDGMENT**

On September 6, 2024 Plaintiffs filed a Motion to Strike the Answer of Paradise Tree Service & Landscape Corp. See D.E. 71 & 72. On September 19, 2024 the Court referred the motion to strike the answer and enter default to Magistrate Judge Lee G. Dunst. On October 4, 2024 Magistrate Judge Dunst recommended that the motion be granted in part and denied in part. More specifically, Judge Dunst recommended that the motion to strike be granted, but that the motion for default judgment against Defendant Paradise Tree Service & Landscape, Corp. be denied without prejudice. See D.E. 76 and Docket Order dated October 7, 2024.

On October 31, 2024 the Court issued an order adopting said Report and Recommendation in its entirety.

Following a bench trial which was held on May 12, 2025, the Court awarded Jonathan Barahona $85,500.00 and Hector Hernandez $20,250.00 on their second claim for overtime under the NYLL.

THE COURT THEREFOR DIRECTS THE CLERK TO ENTER JUDGMENT, jointly and severally against the Defendants WILLIAM NIETO and PARADISE TREE SERVICE AND LANDSCAPE CORP., as follows:

1.  In favor of the Plaintiff HECTOR HERNANDEZ, on the second cause of action for overtime under the New York Labor Law ("NYLL") in the amount of **$24,643.97** (comprised of $10,125.00 in unpaid overtime, liquidated damages in the amount of $10,125.00, and prejudgment interest calculated at 9% per annum in the amount of $4,393.97).

2.  In favor of the Plaintiff JONATHAN BARAHONA, on the second cause of action for overtime under the NYLL in the amount of **$108,938.13** (comprised of $42,750.00 in unpaid overtime, liquidated damages in the amount of $42,750.00, and prejudgment interest calculated at 9% per annum in the amount of $23,438.13).

It is FURTHER ORDERED that:

3.  Pursuant to NYLL § 198(4) if any amounts remain unpaid upon the expiration of ninety days following the entry of judgment or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of Plaintiffs' judgment shall automatically increase by 15% ($20,103.47).

4.  Plaintiffs' fifth cause of action for failure to furnish wage statements pursuant to NYLL § 195(3) is dismissed without prejudice so that the Plaintiffs may file said claim in state court.

5.  Plaintiffs' sixth cause of action for failure to furnish hiring notices pursuant to NYLL § 195(1)(a) is dismissed *without prejudice* so that the Plaintiffs may file said claim in state court.

6.  Plaintiffs' application for the recovery of attorneys' fees and costs pursuant to NYLL § 198(1-a), if any, shall be filed within 30 days of entry of this JUDGMENT and ORDER.

SO ORDERED:

    Dated: 10/28/2025

*/s/ Gary R. Brown*
_____
Gary R. Brown, U.S.D.J.