**The Law Office Of**
# GLENN J. INGOGLIA
**104 Long Beach Road**
**Island Park, New York 11558**
**glenn@ingoglialaw.com**
**(516) 432-0500**

November 18, 2025

<u>Via ECF</u>
Hon. Gary R. Brown, U.S.D.J.
District Court of the Eastern District
of New York, Central Islip

Re:   Jonathan Barahona et ano. v William Nieto et ano.
      02:21-cv-5400 (GRB) (LGD)
      <u>**Defendants' and Defendants' Counsel's Cross Motion and Opposition to Plaintiffs' Letter Motion dated, November 13, 2025**</u>

Dear Honorable Judge Brown:

Regarding the above matter, I respectfully submit this letter representing Defendants' Opposition to all relief sought in Plaintiffs' Letter Motion dated November 13, 2025.

Furthermore, please allow this letter to serve as the Defendants' and the Defendants' Counsel's Cross Motion, seeking an Order for the following relief:
   1)   Entering default against the Plaintiffs, for not complying with the Scheduling Order dated;
   2) Dismissing the Plaintiffs' claims seeking counsel fees against the Defendants;
   3) Rescinding the Plaintiffs' opportunity to seek sanctions being imposed against Defendants and Defendants' Counsel, with prejudice;
   And/Or, in the alternative,
   4) Amending the Scheduling Order filed on October 24, 2025 as DE 102, to wit: a) extending the time for Defendants to oppose and/or cross move to January 15, 2026 and b) granting the Defendants the opportunity to orally argue the motion and applications that are the subject of the scheduling order; c) removing the footnote and content contained therein and located at the bottom of the order; and d) such other relief as the Court deems just and proper.

**Argument**

The Plaintiffs should not be granted an extension of time to file their motions seeking counsel fees and sanctions as Plaintiffs' counsel did not demonstrate a reasonable excuse for not filing the same on or before the deadline, on or before November 14, 2025.

The Plaintiffs' attorney states in his motion and not with specificity that Defendants' counsel has raised issues, the resolution of which, have yet to be resolved. However, he neglects to demonstrate how these issues are prejudicial to his clients in drafting their motions for counsel fees and sanctions. The short answer is, the "issues" do not affect or detriment in any way the Plaintiffs' ability to draft and file their motions. The issues to be briefed and subjects of the motions are limited in scope. Specifically, the issues the Court will consider are, should the court consider and issue of sanctions against defendants' attorney and the Plaintiffs' application for counsel fees.

The Defendants' filing a Notice of Appeal regarding the court's memorandum and order dated October 9, 2025, should not have affected the Plaintiffs' ability and time to draft the motion referred to above.

Furthermore, Plaintiffs' attorney submitted the proposed order without the Defendants' counsel's herein knowledge or approval. In fact, the last revised letter sent from Plaintiffs' counsel to myself occurred on the same day Plaintiffs' counsel submitted a different letter to the Court and represented I had approved it. I had never even been provided a copy of it!

In Exhibit A attached hereto, I provide the different drafts of the proposed orders with revisions that were exchanged between the Plaintiffs' counsel and myself, between October 22 through October 24, 2025. I also attach the final order. If you look carefully and compare the last revised draft of the proposed order the Plaintiffs' counsel sent to me and the one he sent to the court on the same day, on October 24, 2025, you will notice drastic differences between the two documents. The footnote is a big difference. The provisions for document filings; the types and dates are drastically different and prejudicial to the Defendants and the Defendants' counsel.

From October 11 through October 15, 2025, Plaintiffs' counsel's office and Defendants' counsel communicated through email and scheduled the Meet and Confer for Thursday, October 16, 2025, at 4:00 p.m. and via telephone. Plaintiffs' counsel and I met and conferred at that time and date. We agreed that Plaintiffs' counsel would file a motion on or before November 14, 2025, regarding the Plaintiffs' counsel fees and sanctions. I did not try to limit counsel's time and let him freely pick the on or before date he would like to propose to the Court,

representing when his motion would be filed. He chose on or before November 14, 2025.

I stated to the Plaintiffs' attorney, I observe and celebrate the Christmas holiday and did not want to have any deadlines due either in the days leading up to Christmas Eve or during the week after Christmas Day and through the first week of the New Year. I explained, I usually do not work during this time to observe the holiday and celebrate it with my family.

Having indicated the above, I told Plaintiffs' counsel I don't mind if you want to propose 30 days after my opposition is filed, for your Reply papers to be due. He stated he did not need that long and would file his Reply on or before December 30, 2025. I then stated I would like to file a Sur Reply. I rarely seek to file a Sur Reply. However, seeing as I am not only representing my clients' interests, but am also representing my own and my reputation. Consequently, I would like to be afforded the opportunity to submit more than one set of papers, compared to the Plaintiffs' two. Moreover, I mentioned my desire to have oral arguments. Plaintiffs' attorney did not oppose these requests and took an ambivalent position.

`I hate to have to mention this, but this year's Christmas holiday means much more to me than in the past. My mother is almost 95 years old and she is dying. She suffered a fall less than 2 months ago and had to undergo surgery. She was admitted to the hospital and now she is in rehabilitation. For just how long, I have no idea.

The above situation magnifies the effects of Mr. Moser's representations to the Court, and specifically in regard to the latest Scheduling Order. Every time I need to defend myself, my clients and the record from patently false representations regarding documents I purportedly approved, but in reality was never provided, etc., its less time I can spend with my mother. The Exhibit I attached with all the drafts of the Order and communications between Mr. Moser, his office and I, prove absolutely, he never provided me with the letter he submitted to the court, he never had my consent or approval regarding the letter, but represented the same to the Court knowing that was false and intentionally. See Exhibit A.

The above scenario is not the first time Mr. Moser has made false representations to this court and particularly regarding my actions and communications. On August 1, 2022, he wrote a letter to the Court containing patently false misrepresentations regarding communications with my office. I was so appalled then, as I am now, I had to file a motion documenting the falsities and on August 3, 2022, I moved for sanctions. See DE 18 and DE 19 with attachments, attached hereto as Exhibit B. However, that was the only time to my knowledge, during the course of these proceedings that I have filed a motion for sanctions. In contrast, the Plaintiffs' counsel, has filed several motions seeking sanctions against me that have all been denied. The only caveat, at the very beginning of this action, I

Page | 3

**did put the Defendants' counsel on notice that I would file a motion for sanctions, if he filed what I considered, in good faith, to be a frivolous motion to compel. I was mistaken then about the existence of an order, but I quickly corrected my understanding and position and complied with the order, after being provided with an extension of time to do so.**

Page | 4

**However, I am not mistaken now about the scheduling order (See Exhibit A) and regarding DE 18 and DE 19. See Exhibit B.**

**I respectfully request this Court deny Plaintiffs' counsel's motion to amend the Scheduling Order and all relief requested therein in its entirety and grant all the relief requested in Defendants' Cross Motion in its entirety with such other and further relief this Court deems just and proper. The Defendants and I greatly appreciate your courtesy and attention to this matter. Respectfully, I remain,**

Sincerely yours,

*Glenn J. Ingoglia*

**Glenn J. Ingoglia**
**GJI/vv**

**c.c.:  VIA ECF: steven.moser@moserlawfirm.com**
**Steven Moser, Esq.**
**Counsel for Plaintiffs**