

MOSER LAW FIRM, PC
Steven J. Moser
Tel: (516) 671-1150
steven.moser@moserlawfirm.com

Dear Judge Brown:

Please accept this letter on Plaintiffs' behalf concerning the Court's order of November 20, 2025, which *sua sponte* held in abeyance all deadlines pending the resolution of the jurisdictional issues raised by the Defendants' appeal.

"The filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed." *Carroll v. Trump*, 88 F.4th 418, 433 (2d Cir. 2023) (quotation marks omitted); *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  This confers jurisdiction upon the Second Circuit until such time as the appeal is resolved, regardless of the merits of the appeal.  *Doe v. Waltzer*, No. 24-2493, 2025 U.S. App. LEXIS 5331, at *3 (2d Cir. Mar. 7, 2025) (dismissing appeal for lack of jurisdiction as premature and concluding that the district court was nevertheless without jurisdiction to issue an order concerning appealability under 29 U.S.C. 1292(b) during the pendency of the appeal).

The only remaining question is whether the issues raised in the present motions are the subject of the pending appeal.  To this end, F.R.A.P. (3)(c)(6) broadly states that "[a]n appellant may designate only part of a judgment or appealable order by expressly stating that the notice of appeal is so limited. Without such an express statement, specific designations do not limit the scope of the notice of appeal."  Here, the issues raised by the parties following the filing of the notice of appeal are all related to the order being appealed. Therefore, we respectfully request that all deadlines and motion practice be stayed pending resolution of the appeal.

Respectfully submitted.