The Law Office Of
# GLENN J. INGOGLIA
**104 Long Beach Road**
**Island Park, New York 11558**
**glenn@ingoglialaw.com**
**(516) 432-0500**

**November 26, 2025**

<u>Via ECF</u>
**Hon. Gary R. Brown, U.S.D.J.**
**District Court of the Eastern District**
**of New York, Central Islip**

Re:    Jonathan Barahona et ano. v William Nieto et ano.
       02:21-cv-5400 (GRB) (LGD)
       <u>Defendants' and Defendants' Counsel's Response in Compliance with Judge Brown's Order Entered 11/20/2025 Re: Issue of whether District Court's jurisdiction is divested pending resolution of Defendants' appeal</u>

Dear Honorable Judge Brown:

Regarding the above matter, and pursuant to your Order entered on November 20, 2025, directing counsel to provide their positions as to whether the District Court's jurisdiction is divested pending the resolution of the Defendants' appeal.

The Defendants' counsel, in compliance with Your Honor's latest Order, is hereby providing his understanding of the law that controls this issue presented therein, with citations. However, the Defendants and the undersigned, for clarification and to preserve their rights, are not requesting this Court to decide the issue presented in Your Honor's Order dated November 20, 2025.

As Your Honor noted, the Defendants and the undersigned, are seeking Recusal, and therefore, that issue, is the only issue we seek a determination.

<u>District Court Divestiture on Appeal</u>
My understanding of the Law is the filing of an appeal in federal court, generally divests the lower court of jurisdiction over those aspects of the case involved in the appeal. <u>*Griggs v. Provident Consumer Discount Co.*</u>, *459 U.S. 56, 58 (1982).*

The U.S. Court of Appeals, Second Circuit, in <u>Motorola Credit v. Uzan</u>, 388 F.3d 39, (2d Cir. 2004) held:

> "The Supreme Court has stated that " [t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, <u>459 U.S. 56</u>, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982); *see also New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (" [T]he filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal."). <u>Id. At 54</u>.

The U.S. Supreme Court recently added an exception to the "divestiture rule," in deciding <u>Coinbase Inc. v. Bielski</u>, No. 22-105 (June 23, 2023), and holding, that when a district court denies a motion to compel arbitration under the Federal Arbitration Act (FAA), the court must stay its proceedings while that appeal is pending. <u>Id</u>.

However, other circuits, such as the Eleventh Circuit, have held "divestiture is not truly jurisdictional" as it is a "Judge-made" rule and not one created by statute. <u>Acute Inc. v. ECI Pharmaceuticals LLC</u>, Adv. Pro. No. 25-01048-SMG, 2025 Bankr. LEXIS 1232, *3 (Bankr. S.D. Fla. May 21, 2025). Similarly, the First Circuit held, that divestiture's application "turns on concerns of efficiency and isn't mandatory." <u>U.S. v. Rodriguez-Rosado</u>, 909 F.3d 472, 477-78 (1st Cir. 2018). The holdings in these Circuits differ, although not greatly, but significantly with the holdings on this issue in the Second Circuit.

**Judicial Economy in the Case at Bar**
<u>FRCP Rule 11</u>
Also, regarding "efficiency" and "judicial economy," in this matter, the issue of determining if the Court should consider imposing Sanctions upon the undersigned, pursuant to FRCP Rule 11, respectfully, should be reconsidered, for efficiency, if not for other reasons:

The safe-harbor provision, in Rule 11, is a strict procedural requirement. <u>Perpetual Sec., Inc. v. Tang</u>, 290 F.3d 132, 142 (2d Cir. 2002); see also <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1327 (2d Cir. 1995). "An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period." <u>L.B. Foster Co. v. Am. Piles, Inc.</u>, 138 F.3d 81, 89-90 (2d Cir. 1998).

The undersigned never received a Rule 11 Motion or anything sufficient to trigger the 21-day safe harbor period. The docket corroborates this fact. Consequently, this branch of the Order dated October 9, 2025, should respectfully be vacated for efficiency and judicial economy.

Page | 3

**28 U.S.C. § 1927**
**The October 9, 2025, Order, provides for further proceedings to determine if the undersigned should be sanctioned pursuant to 28 U.S.C. § 1927, due to the motions filed by the undersigned being entirely without basis.**

**However, respectfully, the N.Y. State Wage Orders, support the undersigned's recitation of the law, and calculation of regular and overtime rate for salaried employees. as it appeared in the subject motion, although paraphrased. The NY Labor Law and Wage Orders and relevant Caselaw in the 2nd Circuit, provides:**

**"The term *regular rate* shall mean the amount that the employee is regularly paid for each hour of work. When an employee is paid on a piece work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings." N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.16 – Regular Rate. Garmero v. Koo, Docket 17-3356-cv (2d. Cir. 2018).**

**In addition, the Federal Law regarding regular rate of pay and overtime wages for salaried employees, mirrors the State Statutes, to wit:**

**"29 CFR § 778.113 Salaried employees—general.**
**(a) *Weekly salary.* If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $350 divided by 35 hours, or $10 an hour, and when the employee works overtime the employee is entitled to receive $10 for each of the first 40 hours and $15 (one and one-half times $10) for each hour thereafter. If an employee is hired at a salary of $375 for a 40-hour week the regular rate is $9.38 an hour." Id.**

**In summary, the vacating of any further proceedings regarding the possible sanctioning of the undersigned, pursuant to 28 U.S.C. § 1927, respectfully, should be considered.**

**The Defendants and I greatly appreciate your courtesy and attention to this matter. Respectfully, I remain,**

**Sincerely yours,**

*Glenn J. Ingoglia*

**Glenn J. Ingoglia**

**c.c.:    VIA ECF: steven.moser@moserlawfirm.com**
**           Steven Moser, Esq., Counsel for Plaintiffs**