

**Steven J. Moser, Esq.**
steven.moser@moserlawfirm.com
Direct 631.697.8876

June 12, 2026

**VIA ECF**

Hon. Gary R. Brown, USDJ
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

**Re: Barahona et al v Paradise Tree Service & Landscape, Corp et al**
       **Case No.: 21-CV-5400 (GRB) (AYS)**

Dear Judge Brown:

I represent Plaintiffs in the above-referenced matter and respectfully submit this letter motion requesting that the Court unseal Docket Entry 52 (the motion papers seeking withdrawal of Defendants' counsel).

### RELEVANT BACKGROUND

Defendants appeared through counsel by filing an answer in November 2021 (D.E. 6). As trial preparations progressed, the parties submitted a pretrial order in late January 2024 (D.E. 46). The following day, defense counsel sought permission to withdraw and requested to provide reasons to the Court in camera (D.E. 48). Thereafter, Defendants sought leave to file under seal, and Docket Entry 52 (the withdrawal motion papers) did not appear on the public docket; the docket reflects service of the withdrawal motion papers on Mr. Nieto and the corporate defendant, but the Plaintiffs were not served with the papers.

On June 3, 2025, defense counsel re-entered the case (D.E. 91). In connection with Defendants' motion to vacate, counsel asserted under oath that he had previously been relieved because his client was unable to afford his services (D.E. 91-3 ¶ 2), and Mr. Nieto submitted an affidavit adopting counsel's statements and stating that he did not have money to obtain new counsel (D.E. 91-2 ¶¶ 9–10).

June 12, 2026

**Re: Barahona et al v Paradise Tree Service & Landscape, Corp et al**
**Case No.:       21-CV-5400 (GRB) (AYS)**
Page 2



On October 9, 2025, the Court denied Defendants' motion to vacate and for a new trial (D.E. 101). In that order, the Court found that Defendants' later sworn assertions that counsel had previously been relieved due to an inability to pay were inconsistent with what was represented in connection with the sealed withdrawal motion (D.E. 101 at 4).

On October 28, 2025 Judgment was entered in favor of the Plaintiffs (D.E. 103). Rosenberg & Goldhaber, P.C. (R&G) was retained by the Moser Law Firm, PC. to enforce the judgment. *See* Affirmation of Robert D. Goldhaber, Esq. dated May 22, 2026, ¶ 2 (annexed hereto as Exhibit 1). In response to a subpoena duces tecum served upon him, Nieto responded that "he has no assets and owns no real property." (Goldhaber Aff. ¶ 4).. Ingoglia simply ignored the subpoena duces tecum served upon him (Goldhaber Aff. ¶¶ 7-8).

It was later discovered that just two days after the judgment was entered against him, William Nieto transferred the deed to his real property to Kevin Giovanny Nieto and Kiara Giselle Nieto, Trustees of the William Nieto Irrevocable Trust (Goldhaber Aff. ¶ 6).

## LEGAL STANDARD

The public and the press have a presumptive right of access to judicial documents under both the common law and the First Amendment. *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125; *Ferrand v. Credit Lyonnais*, 106 F. Supp. 3d 452. The Second Circuit applies a three-step framework: the Court determines whether the material is a "judicial document," assesses the weight of the presumption of access, and then balances that presumption against countervailing interests such as privacy, law-enforcement concerns, or the protection of truly sensitive information. *Abraham v. Leigh,* 2020 U.S. Dist. LEXIS 156526; *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616. The weight of the presumption turns on the role the document plays in the exercise of Article III judicial power and the value of disclosure to public monitoring of the courts. Any sealing or redaction must be narrowly tailored to serve higher values and supported by specific, on-the-record findings. *Id.*

## ARGUMENT

**1. This Court retains jurisdiction over a motion to unseal.**

The appeal from a decision on the merits does not divest a district court of jurisdiction over a motion to unseal. *Vida Longevity Fund, LP v. Gold*, 2025 U.S. Dist. LEXIS 218289, *6-7. "It is well-established that "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters[.]" *Vida Longevity Fund, LP v. Gold, 2025 U.S. Dist. LEXIS 218289, *6-7 (citing Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004)). "Here, the Court of Appeals already has access to the entire docket, sealed or not. Its

**MOSER LAW FIRM, P.C.**
453 West Main Street, Huntington, NY 11743
O: 516-671-1150 | www.moserlawfirm.com

June 12, 2026

**Re: Barahona et al v Paradise Tree Service & Landscape, Corp et al**
**Case No.:      21-CV-5400 (GRB) (AYS)**
Page 3

determination of the appeal will not be affected one way or the other by this Court's ruling on the instant, collateral motion." *Id.*

## 2. Docket Entry 52 Is a Judicial Document Subject to a Strong Presumption of Access

Motion papers submitted to the Court in connection with counsel's withdrawal are judicial documents because they are filed for the Court's consideration in the exercise of its judicial function . Here, the Court's October 9, 2025 order expressly indicates that what was represented in connection with the sealed withdrawal motion bears on the Court's evaluation of Defendants' later sworn assertions (D.E. 101 at 4). Where sealed materials are used (or referenced) as a benchmark for assessing sworn submissions and the integrity of representations made to the Court, the presumption of access is substantial. *See Gentile v. Crededio*, No. 1:21-cv-08528-LTS, 2023 U.S. Dist. LEXIS 44821, at *2 (S.D.N.Y. Mar. 16, 2023).

## 3. Continued Sealing Is Not Justified Where Defendants Have Put the Reason for Withdrawal at Issue Through Sworn Submissions

Defendants and their counsel have affirmatively advanced a public narrative—through sworn filings—about the reason counsel was previously relieved and Defendants' ability to pay for representation (D.E. 91-2; D.E. 91-3). The Court has already found those later sworn assertions inconsistent with what was represented in connection with the sealed withdrawal motion (D.E. 101 at 4).

In these circumstances, continued sealing risks permitting selective disclosure that undermines fairness and the truth-seeking function of the Court's proceedings. To the extent D.E. 52 contains attorney-client communications, any privilege protection may be limited where a party places the substance of the privileged matter at issue in litigation in a manner that would make continued secrecy unfair.

## 4. Continued Sealing Is Not Justified Where Defendants Have Put the Reason for Withdrawal at Issue Through Sworn Submissions

Courts have consistently held that the privilege may be waived when fairness requires disclosure of the communications to prevent prejudice to the opposing party. *Pritchard v. County of Erie (In re County of Erie)*, 546 F.3d 222 (2008); *In re von Bulow*, 828 F.2d 94 (1987); *United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175 (2000). This principle is often referred to as the "sword and shield" doctrine, which prohibits a party from using the privilege as both a shield to protect certain communications and a sword to selectively disclose favorable information. *In re von Bulow,* 828 F.2d 94 (1987), *United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175 (2000); *United States v. Ghailani,* 751 F. Supp. 2d 498 (2010).

June 12, 2026

**Re: Barahona et al v Paradise Tree Service & Landscape, Corp et al**
**Case No.:**      21-CV-5400 (GRB) (AYS)
Page 4



For instance, in *United States v. Bilzerian*, 926 F.2d 1285 (1991), the court held that the attorney-client privilege may be implicitly waived when a party's claim or defense requires examination of privileged communications to ensure fairness. Similarly, in *United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175 (2000), the court reiterated that fairness considerations are central to determining whether a waiver has occurred, particularly when privileged communications are affirmatively relied upon. *Id.*

### 5. At Minimum, the Court Should Order Narrowly Tailored Unsealing With Limited Redactions

Even where some confidentiality interest exists, the Second Circuit requires that sealing be narrowly tailored and supported by specific findings. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). If the Court determines that discrete portions of D.E. 52 contain legitimately sensitive attorney-client communications or other protected material, the appropriate remedy is to unseal D.E. 52 with targeted redactions rather than maintain wholesale sealing of the entire filing.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order unsealing Docket Entry 52 in its entirety, or alternatively directing Defendants to file a public, redacted version of D.E. 52 with only narrowly tailored redactions and unsealing the remainder.

Respectfully submitted,

*Steven J. Moser, Esq.*

Steven J. Moser

CC: All counsel of record via ECF

**MOSER LAW FIRM, P.C.**
453 West Main Street, Huntington, NY 11743
O: 516-671-1150 | www.moserlawfirm.com

June 12, 2026
**Re: Barahona et al v Paradise Tree Service & Landscape, Corp et al**
**Case No.:      21-CV-5400 (GRB) (AYS)**
Page 5

