UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------   Case No. 21-cv-05400(GRB)(LGD)
JONATHAN BARAHONA and HECTOR HERNANDEZ

                                   Plaintiff(s)            SUBPOENA DUCES TECUM

      -against-

PARADISE TREE SERVICE & LANDSCAPE CORP.       To Take Deposition of
and WILLIAM NIETO                              Judgment Debtor
                                            with Restraining Notice
                                Defendant(s)

-------------------------------------------------------------------------------------

## TO THE PEOPLE OF THE STATE OF NEW YORK

TO: WILLIAM NIETO
Address: 193 Lafayette Street, Copiague, NY 11726          GREETING:

      WHEREAS, in an action in the United Stated District Court of the State of New York, Eastern District of New York between JONATHAN BARAHONA and HECTOR HERNANDEZ, as plaintiff(s) and PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO, as defendant(s) who are all the parties named in said action, a judgment was entered on October 28, 2025 in favor of JONATHAN BARAHONA, judgment creditor(s) and against PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO , judgment debtor(s) in the amount of $108,938.13 of which $108,938.13 together with interest thereon from October 28, 2025, remains due and unpaid; AND  a judgment was entered on October 28, 2025 in favor of JONATHAN BARAHONA, judgment creditor(s) and against PARADISE TREE SERVICE & LANDSCAPE CORP. and WILLIAM NIETO , judgment debtor(s) in the amount of $24,643.97 of which $24,643.97 together with interest thereon from October 28, 2025, remains due and unpaid;

      WHEREAS, the judgment debtor; resides; is regularly employed; has an office for the regular transaction of business in person; in Suffolk County;

      NOW, THEREFORE, WE COMMAND YOU to appear and attend at the Offices of Rosenthal & Goldhaber, P.C. at 1393 Veterans Memorial Highway, Suite 212N, Hauppauge, NY 11788, on March 27, 2026 at 9:30 o'clock in the forenoon and at any recesses or adjourned date for the taking of a deposition under oath upon oral or written questions on all matters relevant to the satisfaction of such judgment;
      AND WE FURTHER COMMAND YOU to produce for examination at such time and place the following books, papers and records:
All checkbooks, canceled checks, bank statements, registration of automobile and/or truck, office Lease, and/or building Lease.  Tax returns for the last three years and all other books, papers and records in your possession or control which have or may contain information concerning property, income or other means relevant to the satisfaction of the judgment;
      **TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.
      **THIS SUBPOENA REQUIRES YOUR PERSONAL APPEARANCE AT THE TIME AND PLACE SPECIFIED.  FAILURE TO APPEAR MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT.**

### RESTRAINING NOTICE
      **TAKE NOTICE** that pursuant to subdivision(b) of Section 5222 of the Civil Practice Laws and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, interference with any property in which you have an interest, except as therein provided.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the Court, until the expiration of one year after notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.


Dated: Hauppauge, New York
      February 23, 2026



Robert D. Goldhaber
ROSENTHAL & GOLDHABER, P.C.
Attorney(s) for Judgment Creditor
1393 Veterans Memorial Highway
Suite 212N
Hauppauge, NY 11788
(631) 979-8500