The Law Office Of
# GLENN J. INGOGLIA
**183 Quebec Road**
**Island Park, New York 11558**
**glenn@ingoglialaw.com**

Office: (516) 432-0500                                        Mobile: (516) 298-6279

**July 1, 2026**

**Via ECF**
**Hon. Magistrate Lee G. Dunst**

Re:     **Jonathan Barahona et ano v William Nieto et ano**
        **02:21-cv-05400 (GRB)(LGD)**
        **Cross-Motion to be relieved as counsel for Defendants and Opposition to**
        **Plaintiff's Motion to unseal DE# 52**

**Dear Honorable Magistrate Judge Dunst:**

**Regarding the above matter, I represent Defendants, William Nieto and Paradise Tree Service and Landscaping Corp.  I submit this Letter Cross-Motion and Opposition to Plaintiff's motion for unsealing of DE# 52 and specifically seeking the following relief: 1) to be relieved as counsel for the Defendants based on the submission herein of a fully executed consent to change attorney executed by the Defendants and I; 2) Quash the subpoena and/or any obligation for Defendants' counsel to respond to the subpoena, Plaintiffs' counsel was properly served upon me, in his motion papers; 3) Deny Plaintiffs' motion to unseal DE#52; 4) Deny all other relief sought by Plaintiffs counsel in his pending motion; and 5) for such other and further relief as this Court deems just and proper.**

**On March 18, 2026, the above-named defendants and I, executed two consents to change attorney, in which, all parties consented to me being relieved as counsel for the Defendants in this matter and in the pending appeal.  Please see a copy of the fully executed Consent to Change attorney in this matter attached as Exhibit A and the fully executed Consent to Change Attorney relevant to the pending appeal as Exhibit B.  In or about May 2026, I filed a motion to the Second Circuit to be relieved as counsel and provided a copy of Exhibit B to the appellate Court, when doing so.**

**I vehemently disagree with Plaintiffs' counsel's description regarding the procedural history and his descriptions of the facts herein.  My understanding of**

**Judge Brown's Order denying my motion for a new trial and other relief, is that the Judge determined my statement contained in my papers that I moved to be relieved as counsel, in late 2023/early 2024, because my client could not afford my services, was misleading. I respectfully disagree. It's true, at the time I first moved to be relieved, my client and I had major disagreements and opinions on how to proceed with the preparation and conducting the trial. But, those differences were borne from the estimated cost to prepare and conduct the trial, in my opinion. Our views were diametrically different as to how I should prepare and conduct the trial. But, those differences stemmed from my client stating he could not afford my services as I stated I must perform them in order to prepare and conduct the trial. If costs were not a primary concern, then I believe we wouldn't have had any differences in how to proceed with the trial or at the very least, we would've resolved them. Consequently, my summary contained in my motion to Judge Brown was entirely accurate, in my view, but that's an issue for another day evidently.**

**Moreover, I do not understand what need the unsealing of the documents will provide and nor am I clear of one stated by the Plaintiffs' counsel, in his papers. Plaintiffs' counsel's papers contain citations to case law and statute on the general issue of unsealing documents. However, it's difficult to decipher what factual reasons are given or what application of the law to the facts in this case exist in the motion papers, in my opinion.**

**During the litigation, I provided copies of personal and business tax returns for the defendants and provided an authorization for the Plaintiffs' attorney to obtain those records directly from the IRS. I affirm that I was not involved in drafting or executing any trust document(s) for the defendants, nor have I seen or possess a copy of a trust document, should one exist.**

**In May 2026, I moved my office from where it was located for over 22 years, to my new office address, listed above. I saw the subpoena only recently in a stack of mail and contend that the law firm that issued the same, did not serve me properly and nor do they have apparent or other authority to issue the subject subpoena. Moreover, I contend the information they seek is privileged and protected. Also, upon information and belief, I thought this matter was still stayed and issuing subpoenas, is not proper. If I am wrong about the foregoing understanding, then I apologize for the same.**

2

In summary, I respectfully request that the Plaintiffs' motion be denied in all respects and all relief sought by in this Cross-Motion and Opposition, be granted in their entirety.  Thank you.  Respectfully, I remain,


Sincerely yours,

*Glenn Ingoglia*

**Glenn J. Ingoglia**
**GJI/vv**

c.c.:    Via Email: <u>nietow@live.com</u>
         **William Nieto, Individually and for Corporate Defendant**

3