

**Steven J. Moser, Esq.**
steven.moser@moserlawfirm.com
Direct 631.697.8876

August 7, 2026

**VIA ECF**

Honorable Lee G Dunst, USMJ
United States District Court Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

**Re:    *Barahona et al v. Paradise Tree Service & Landscape, Corp et al***
        ***Case No.: 21-CV-5400 (GRB) (AYS)***

Dear Judge Dunst:

Please accept this letter on behalf of the Plaintiffs in the above referenced matter.

On June 12, 2026 Plaintiffs filed a motion to unseal docket entry 52.  *See* D.E. 110. On July 1, 2026 Mr. Ingoglia filed a document titled "Response in Opposition re 110 First Motion to Unseal Document Docket Entry 52." On July 2, 2026 the Court ordered Mr. Ingoglia to file a supplemental submission no later than July 17, 2026 citing to "case law or Federal Rule of Civil Procedure in support of his various requests [and addressing] whether the undersigned has jurisdiction in light of his pending appeal." The order directed the undersigned to file a reply no later than August 7, 2026.

Defendants did not file the supplemental submission that was due on July 17, 2026.

On July 7, 2026 the Second Circuit issued an order dismissing the appeal as to Paradise Tree Service & Landscape Corp. The Second Circuit further ordered that the appeal of Glenn Ingoglia and William Nieto would be dismissed effective July 28, 2026 if they did not file their opening appellate briefs.[1]  Neither Glenn Ingoglia nor William Nieto filed opening briefs, and the Second Circuit noted by docket order dated August 6, 2026 that the appeals were dismissed.

To maintain a seal on judicial records, a party must meet the demanding standard of showing compelling reasons that outweigh the strong presumption of public access. *United States v. Pickard,* 733 F.3d 1297 (2013)("[T]he party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed[.]"); *Kamakana v. City & County of Honolulu,*

---

[1] A copy of the order is annexed hereto.

**MOSER LAW FIRM, P.C.**
453 West Main Street, Huntington, NY 11743
O: 516-671-1150 | www.moserlawfirm.com

August 7, 2026

**Re: Barahona et al v. Paradise Tree Service & Landscape, Corp et al**
**Case No.: 21-CV-5400 (GRB) (AYS)**
Page 2



447 F.3d 1172 (2006). This requires the proponent of secrecy to demonstrate, on a document-by-document and line-by-line basis, that disclosure will cause a clearly defined and serious injury. *Grae v. Corr. Corp. of Am.,* 134 F.4th 927 (2025).

According to Mr. Ingoglia, D.E. 52 should not be unsealed because he "do[es] not understand what need the unsealing of the documents will provide and [is not] clear of one stated by the Plaintiffs' counsel, in his papers." This is not a basis for continued sealing of records.

Moreover, Mr. Ingoglia's July 1, 2026 contains additional public statements concerning the contents of the very document which he seeks to keep private, thereby undermining any argument that the seal should be maintained. *See Grae v. Corr. Corp. of Am.,* 134 F.4th 927 (2025).

**Conclusion.** Plaintiffs respectfully request that the motion to unseal be granted because (1) the appeal has been dismissed and there are no jurisdictional issues, (2) the Defendants have not established good cause for the continued sealing, and (3) the Defendants have not filed any opposition citing to either case law or the federal rules as directed by the Court.

Respectfully submitted,

*Steven J. Moser, Esq.*

Steven J. Moser

CC: All counsel of record via ECF